## POOR, COUNTY TREASURER, v. MERRILL ET AL.

1. **County**: DEPOSIT OF FUNDS IN BANK: BOND TO SECURE: CONSTRUCTION. Where county funds were deposited in a bank, and a bond taken to secure the same, under § 912 of the Code, and the bond was conditioned for the repayment of " all the sums deposited" whenever the same should be " needed, desired or demanded," *held* that the obligors were liable for all deposits made while the bond remained in possession of the county.

2. ———: ———: ———: NO RELEASE BY SURRENDER OF PRIOR BOND. Where in such case a prior bond had been given for a like purpose, and it was surrendered after the bond in question was given, and the bond in question did not purport to be an additional bond, and was not shown to be such, *held* that the sureties on the bond in question were not released by such surrender.

3. ———: ———: ———: DEPOSIT IN EXCESS OF AUTHORITY: BONDSMEN NOT RELEASED. In such case it was immaterial, in an action on the bond, whether or not the treasurer had deposited more than the amount authorized by the order of the supervisors, for, if he had, that fact would not release the bondsmen from liability for the amount authorized.

4. ———: ———: ———: DEMAND: WHAT SUFFICIENT. Where such bond provided for repayment *on demand,* it was sufficient to make demand on the cashier of the bank.

5. ———: ———: ———: CERTIFICATE OF DEPOSIT: ACTION ON BOND: CONDITIONS OF CERTIFICATE IMMATERIAL. Where, in such case, the bond provided for the repayment of the money on demand, but the certificate of deposit taken for the money provided that the money should be repaid upon return of the certificate properly indorsed, *held* that it was sufficient for a recovery on the bond to prove a demand, without proving the return of the certificate,—the certificate being brought into court and surrendered.

6. **Practice:** DIRECTING VERDICT FOR PLAINTIFF ON EVIDENCE. Where the undisputed evidence shows a right of recovery by plaintiff, the court may properly direct the jury to return a verdict for him.

*Appeal from Ringgold Circuit Court.*

SATURDAY, MARCH 20.

THIS action was brought by the plaintiff, as treasurer of Ringgold county, to recover, for the benefit of the county, on a certain bond executed to the county by the defendants. There was a trial to a jury, and, under a peremptory instruction to render a verdict for the plaintiff, a verdict was so rendered, and judgment was rendered thereon. The defendants appeal.

*Henry & Spence* and *Laughlin & Campbell*, for appellants.

*R. F. Askren, J. P. Flick* and *J. F. Mount*, for appellee.

ADAMS, CH. J.—In 1883, and before that time, the defendant Merrill was the proprietor of a private bank in Ringgold county, known as the " Ringgold County Bank." A considerable amount of funds had accumulated in the county treasury of that county, and Merrill conceived the plan of procuring a deposit of a part of the funds in his bank. The board of supervisors had previously passed a resolution allowing a deposit to be made in the bank $7,000, on the conditions provided by law to be observed in such case. Section 912 of the Code. That section provides for a deposit in bank by the county treasurer, on a bond being given for the security of the deposit in double the amount thereof, to be approved by the treasurer and board of supervisors. A bond was given to the county by Merrill and the other defendants, in the sum of $14,000, conditioned for the repayment of " all the sums deposited" whenever the same should be " needed, desired or

demanded." This bond was duly approved June 8, 1882. Afterwards, to-wit, June 7, 1883, the county treasurer deposited in the bank the sum of $7,000, which has never been repaid.

I. The position of the defendants is that, while it may be true that Merrill owes this money, neither he nor the other

*1. COUNTY: deposit of funds in bank: bond to secure: construction.* defendants owe it upon the bond,—the instrument upon which the action is based,—because they say that the bond does not cover this deposit. The fact appears to be that, some time before the deposit in question, the treasurer had deposited in Merrill's bank other money which had been repaid. The defendants claim that the bond was given to secure only the first deposit, and cannot be held for the security of a subsequent one. But, in our opinion, this position cannot be sustained. The bond was not taken up upon the repayment of the first deposit, and it does not appear from the terms of it that it was designed to be. It was conditioned for the repayment of " all the sums deposited," and, in our opinion, it remained in force so long as it remained in the possession of the county and deposits continued to be made.

II. The defendants filed an amendment to their answer, and pleaded a release. The plaintiff demurred to the amend-

*2. ——: ——: no release by surrender of prior bond.* ment, and the demurrer was sustained, and the defendants assign the ruling as error. It is averred in the amendment that in January, 1882, Merrill, with other sureties, filed a bond as security for deposits which should be made by the county treasurer; that deposits were made, and that, while Merrill owed the same, the bond in suit was given as an additional bond; that the first bond was surrendered and canceled, and that the cancellation of that bond had the effect to release the bond in suit, because it deprived these sureties of the right to look to the sureties upon the first bond for contribution. But the bond in suit does not purport to be an additional bond, and there is no averment in the amendment demurred to which shows

that it was ever regarded as an additional security for the deposit in question. The deposit secured by the first bond was paid, and the makers of the bond had a right then, and before another deposit was made, to take it up. These defendants allowed their bond to remain, purporting to be an original bond, and under it, and it alone, so far as the amendment shows, the deposit in question was made. In our opinion, the demurrer was rightly sustained.

III. While the plaintiff was upon the stand as a witness, the defendants upon cross-examination asked him this question: "How much money did you have deposited in Merrill's bank on or before June 7, 1883?" The plaintiff objected to the question, and the objection was sustained. The defendants assign the ruling as error. It is insisted by the defendants that the witness' answer might have shown that there was nothing due from Merrill on that day, which is the date of the alleged deposit. But the witness had testified fully and clearly that the deposit in question was made upon that day, and that it had not been paid. That amount, at least, then, according to his testimony, was due, and there is nothing in the question indicating that the defendants expected to show that that amount was not due. It seems probable that the defendants asked the question with the purpose of showing the deposit of other sums, and they say, in fact, in their argument, that perhaps it could have been made to appear that Merrill owed the county more than $7,000 for deposits, which was more than the amount allowed to be deposited by the resolution of the board. But we are not able to see how such fact could have affected the defendants' liability. If the treasurer had deposited more than the amount authorized, such fact would not allow the defendants to escape liability for the amount authorized.

IV. The bond provides for the repayment of the money on demand. It is insisted that the undisputed evidence does

4. ——: ——:
——: demand: what sufficient.

not show a demand, and that, therefore, the question of demand should have been left to the jury. But we think that the undisputed evidence does show a demand. There may be some question as to whether it shows a demand upon Merrill. But it does show a demand upon the person left in charge of the bank and who was acting as cashier. This was distinctly testified to by the plaintiff, and it is not, so far as we can discover, anywhere denied. We think that demand upon such person was sufficient.

V. At the time of the deposit the treasurer took a certificate which provided that the money should be paid on return

5. ——: ——:
——: certificate of deposit: action on bond: conditions of certificate immaterial.

of the certificate properly indorsed. The evidence does not show that the certificate was ever formally presented. Nothing appears to have been said about it. Merrill was embarrassed, and was pleading for time. Perhaps, if the right of action rested solely upon the certificate, a return of the certificate should have been shown. But the defendants had bound themselves by the bond that the money should be paid simply upon demand. This action is brought upon the bond, and the certificate is now brought in and surrendered. We do not think that there is anything of which the defendants can properly complain.

Some other errors are assigned; but we think that, under the undisputed evidence, the court did not err in directing

6. PRACTICE: directing verdict for plaintiff on evidence.

the jury to render a verdict for the plaintiff. Such being our view, if there was any error in the other matters complained of, it was error without prejudice, and the judgment must be

AFFIRMED.