James D. HOLLAND, Appellant,

v.

Alice Ruth HOLLAND, Appellee.

No. 53014.

Supreme Court of Iowa.

Oct. 15, 1968.

Stewart, Miller, Wimer, Brennan & Joyce, by Joseph B. Joyce, Des Moines, for appellant.

A. B. Crouch, Des Moines, for appellee.

GARFIELD, Chief Justice.

This is a law action to recover $1175 plaintiff loaned to defendant, plaintiff's former wife. Upon trial to the court without a jury recovery was denied on the ground, in substance, plaintiff failed to prove by a preponderance of the evidence the debt was due. Upon plaintiff's appeal we affirm.

The petition is very brief. It alleges defendant owes plaintiff $1175 for advances and loans he made defendant from September 1965 through February 1966; defendant refuses to pay plaintiff the loan despite demands made upon her; plaintiff is the owner of the claim. The petition does not allege the debt was due. Nor is there any

allegation or contention made in either the trial court or this court that a reasonable time had elapsed after demand was made for payment of the debt. Defendant's answer is a general denial.

I. No question is raised that plaintiff advanced defendant $1175 between September, 1965 and February, 1966 and none of it has been repaid. The advancements were made with the oral understanding they would be repaid at some time or times in the future. The trial court held it was not shown such time or times had arrived and so denied recovery.

II. Defendant was employed by a realtor as a saleslady to be paid by commissions on sales made by her but was not doing well. Under these circumstances plaintiff made the advancements to defendant. When plaintiff was asked on direct examination for the conversation between the parties at the time the first advancement was made, he testified: "Well, she said she'd pay it when she got it. I said 'that is all right.'

"Q. Did she ever tell you any source from which she would make such payments? A. She thought, naturally, she would make some commissions selling (real estate) and then she mentioned she intended to sell her place before long, and would pay me out of the proceeds."

Defendant sold "her place" in October or November, 1966. After plaintiff learned of the sale he made oral demands over the telephone in January, 1967 for payment of the advancements. "She said she had a good many bills to clean up, but did indicate she would pay me. * * * it was kind of vague, but she wanted to put off paying me. * * * She was a little vague about * * * when she was going to pay me."

The oral demands were followed on January 20, 1967 by a written demand for payment of the $1175. Defendant replied to this on January 25 by denying any liability to plaintiff. His petition in this action was filed June 12. Trial was had August 14, 1967. The litigants were the only witnesses.

Defendant testified: "I had never asked (plaintiff) for anything and he offered (me) $75 a week as an advance against my commissions. * * * Mr. Holland made advancements to me against commissions. * * * He had told me if it took me one year or five to pay that back I could take my time." She explained her total commissions for selling real estate were $240 of which $100 was paid at the rate of about $20 a month for five months. The $140 was for selling her own place which she had listed for sale with her employer. In January, 1966 defendant gave up the real estate business and returned to her former calling as secretary for a law firm. She was unemployed during the two months preceding the trial.

Defendant acquired a used Cadillac car to replace the one stolen from her about December 1, 1966. The purchase was made with the proceeds of the insurance covering the stolen car, but the second one was mortgaged for the same amount and was older than the stolen one. "What I did was substitute cars."

On plaintiff's rebuttal he testified he advised defendant to put the proceeds from the sale of the equity in "her place" in some kind of income property where she couldn't get her hands on the money, but she said she had her fill of such investments. Plaintiff did not deny he told defendant if it took one year or five for her to repay him she could take her time.

III. On the evidence above summarized the trial court found as facts the testimony as to any agreement to repay the advances was less than substantial; the evidence defendant agreed to repay the advances from the sale of property she owned was not satisfactory; plaintiff's demands for repayment were made because he thought, from her purchase of the Cadillac and sale of her property, she was able to pay.

As conclusions of law the court held plaintiff failed to carry the burden to prove defendant had agreed to repay the advances at the time of his demand for payment. Also that a reasonable appraisal of the evidence is the advances were made as a loan to be repaid from defendant's earnings selling real estate for her employer or at a future time when she was reasonably able financially to pay and it was not proven the debt was due.

■ Of course the findings of fact in this law action are binding upon us if supported by substantial evidence. Rule 344(f), par. 1, Rules of Civil Procedure. We think the findings are thus supported.

IV. The only point plaintiff argues is that since defendant's answer was a general denial the court erred in entering judgment for her on some theory of special defense. It is said plaintiff was entitled to judgment, apparently as a matter of law, for the $1175.

Plaintiff cites Rule 101, Rules of Civil Procedure which provides: "Defenses to be specially pleaded. Any defense that a contract or writing sued on is void or voidable, or was delivered in escrow, or which alleges any matter in justification, excuse, release or discharge, or which admits the facts of the adverse pleading but seeks to avoid their legal effect, must be specially pleaded."

■ Just what special defense plaintiff thinks defendant was required to plead is not at all clear, unless it is that the debt sued upon was not due. As previously stated, the petition does not allege the debt was due. The answer denies the allegations of the petition. This was a sufficient answer to the petition.

■ Further, we have held several times that where evidence is introduced upon an issue not pleaded, if there were such here, and it is received without objection, this amounts to consent to try the issue and it is rightfully in the case. Nelson v. Leaders, 258 Iowa 919, 922–923, 140 N.W. 2d 921, 923–924, and citations. There was no objection at the trial to any evidence offered.

The only authorities plaintiff cites other than Rule 101 are Poor v. Merrill, 68 Iowa 436, 27 N.W. 367, and Newburn v. Hyde, 132 Iowa 88, 107 N.W. 604. We do not find them applicable.

V. As indicated at the outset hereof, plaintiff's petition does not allege a reasonable time had elapsed since the advancements were made or payment demanded. Nor was any contention made in the trial court, so far as shown, that plaintiff would be entitled to recover from defendant on the expiration of such reasonable time. In fact it is not urged here, if it were proper to do so for the first time, plaintiff is entitled to a reversal on the theory suggested which finds recognition in Dille v. Longwell, 188 Iowa 606, 611, 176 N.W. 619, 620; Sanford v. Luce, 245 Iowa 74, 79–80, 60 N.W.2d 885, 888, and cases there cited. We therefore express no opinion as to any right of recovery plaintiff might have under the theory referred to.

The judgment, which we affirm, is not to be taken as a bar to plaintiff's right, if any, to recover the advancements in some future action at an appropriate time.

Affirmed.

All Justices concur.