## STARK v. NOBLE & BROTHER.

1. Partnership: CONTRACT: TRANSFER OF "GOOD WILL." Where partners sold their stock of goods, and in the contract of sale agreed to transfer the "good will" of their business, and that they, or either of them, would not again enter into the same busi- ness in that locality, it was held that the transfer of the "good will," and the undertaking not to again set up the same business, was a part of the partnership contract, binding on both members of the firm, and for a violation of which they or either of them were liable.

2. —— BREACH AFTER DISSOLUTION. Nor would such liability be changed by the fact that the breach of such undertaking was by one of the members after the dissolution of the firm.

3 New trial: CONFLICTING EVIDENCE. A new trial will not be granted where the evidence is conflicting and it was the province of the jury to decide thereon.

*Appeal from Warren District Court.*

TUESDAY, JANUARY 28.

THIS is an action at law, upon a promissory note made by appellees and payable to Stark & Clapp, a mercantile firm, by whom it was indorsed, before maturity, to appel- lant, one of the partners of the firm. Appellees set up the following defense to the action: That the note was given in part payment for a stock of goods purchased by appellees of the said Stark & Clapp, who, at the time, were doing a mercantile business in Indianola; that Stark & Clapp, in the contract for the sale of the goods, agreed to transfer the "good will" of their business, and that

they, or either of them, would not again enter into the same business, in the town of Indianola; that, in violation of the terms of the contract, Clapp did establish and maintain, soon after the sale to appellees, a mercantile business in Indianola, whereby appellees sustained great damage, which is pleaded as a set-off to the action. Verdict and judgment for appellant, in the sum of $95. The amount claimed to be due upon the note is about $400.

A motion of appellant for a new trial, on the ground of error in the instructions to the jury, and because the verdict is contrary to the evidence, was overruled. The seventh instruction given by the court is to this effect: "That, if Stark & Clapp, or either of them, during the time the trade was being made, promised defendants not to go into the said business, they will be bound by such promise."

Appellant asked the court to instruct the jury substantially as follows:

1. That he is not liable on a contract whereby he is charged with the debt or default of Clapp, unless such contract is in writing and signed by him or his agent.

2. That he is not liable for the individual act of Clapp after the dissolution of the firm of Stark & Clapp. These instructions were refused. To the decisions of the court in overruling his motion for a new trial, in giving the said instruction and in refusing to give the instructions asked by him, appellant excepted, and now assigns the same for error in the record.

*Todhunter & Williamson* and *Polk & Hubbell* for the appellant.

*P. Gad Bryan* for the appellees.

BECK, J. — I. The sale of the goods, on the part of Stark & Clapp, was a partnership contract, binding upon

Stark v. Noble & Brother.

1. PARTNER-
SHIP: CON-
TRACT: trans-
fer of good
will.

both members of the firm. The transfer of the "good will" of their business, and the undertaking not to set up and maintain again the same business, was a part of the contract, for the violation of which, by either or both of the parties, either or both are liable. The contract was not an undertaking on the part of Stark to answer for the default of Clapp, but was a stipulation binding both, and to be performed by both. The failure of one to perform its conditions renders both liable. One of the partners, contracting for the firm in the presence of the other, had the power to make the contract, and it was binding upon the other, in the sense in which plaintiff had reason to believe defendants understood it. Regarding the seventh instruction given by the court, in the light of the evidence, to mean this, it is correct, and the first instruction asked by appellant was properly refused as irrelevant.

II. The acts of Clapp, which are alleged to be the breach of the contract, were done after the dissolution

2. —— breach
after dissolu-
tion.

of the firm, but the contract was entered into before such dissolution. The partners were liable after the dissolution upon the contract for the breach thereof, and as no objection was made in the court below, or is made here, to Stark's separate liability upon the contract, the damages sustained by appellees on account of its breach are properly a set-off in the action on the note. Appellant's second instruction was, therefore, properly refused by the court.

III. The testimony upon the issue of the existence of the contract is conflicting, but we cannot conclude that the ver-

3. NEW TRIAL:
conflicting ev-
idence.

dict was not the result of a sound and honest exercise of judgment on the part of the jury.

The court below very properly refused to disturb the verdict.

Affirmed.