## GODFREY *v.* ROESSLE.

APPEALS; CONTRACTS IN RESTRAINT OF TRADE; PRESUMPTIONS; PUBLIC POLICY.

1. An appeal will not generally lie by one of two defendants where the decree appealed from is against both and there is nothing to show why the other did not appeal.
2. Where in an equity suit to enjoin the vendor of a business of a certain character from conducting a business of the same character in violation of the contract of sale, a decree is passed against the defendant on the pleadings and testimony, an appeal will not be entertained if the record on appeal omits all the testimony and contains only the pleadings and decree.
3. In such a case, it will be presumed that the proof showed that the restraint imposed by the contract was not greater than was necessary for the protection of the purchaser of the business, in which event the contract would be valid.
4. Rules of law which avoid contracts on grounds of public policy, will not be extended arbitrarily.

No. 367.  Submitted January 10, 1895.  Decided February 4, 1895.

HEARING on an appeal by one of two defendants from a decree in a suit for an injunction.  *Appeal dismissed.*

The FACTS are sufficiently stated in the opinion.

*Mr. J. J. Johnson* for the appellant.

*Mr. A. S. Worthington* and *Mr. John B. Larner* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This appeal is presented to this court in a very singular way, and in such manner as to render it impossible to review fully the grounds upon which the decree appealed from was based. The bill was filed against two defendants, asking an injunction against both to restrain them from carrying on a business in alleged violation of a contract with one of the defendants. The decree was against both, restraining them from conducting the business, and the appeal is by one of the defendants only without stating any reason whatever why the other defendant did not join in the appeal. Both parties defendants, in view of the allegations of the bill and the averments of the answer, are directly or indirectly affected by the decree restraining the business, and also by a joint decree for and in respect to the costs awarded to the complainant by the court below. If this appeal can be entertained in the form in which it is brought here, or an appeal by one defendant in any similar case, then the case may be brought up by instalments; for if one defendant can maintain a separate appeal, each other defendant may likewise maintain such appeal; and there may be as many appeals as there are defendants. This is not allowable, except under special conditions, not shown to exist in this case. *Simpson* v. *Greeley*, 20 Wall. 152.

But there are other difficulties in the way of reviewing the decree below on the record before us.

The bill was filed by the complainant, Theophilus E. Roessle, alleging himself to be a large stockholder in a corporation known as the "Swiss Steam Laundry Company," of the city of Washington; that the capital stock of the company was $125,000, divided into 2,500 shares, of the par value of $50 each; that before this corporation commenced operation, the defendant, Ira Godfrey, was conducting a laundry business in the city of Washington, and that his business was sold out to and became merged in that of the

corporation; and, in the transaction, Godfrey became the owner of 830 shares of the stock of the corporation, and he and his sister, Millie W. Godfrey, became employees of the corporation in conducting its business. The complainant, being at the time a large holder of the stock of the corporation, on or about the 16th of October, 1893, became the purchaser from Ira Godfrey of his 830 shares of stock, for the sum of $12,000, to be paid in the manner stipulated in the contract of sale and purchase of said stock, and in that contract, executed under hand and seal of the parties thereto, is contained this clause:

" It is further understood and agreed, as a part of the consideration for this agreement, that the said party of the first part, who, by this agreement, assigns and transfers all his right and title and interest in the ' Swiss Steam Laundry Company of Washington, D. C.,' not only as a stockholder, but also as an officer and manager thereof, *will not engage under any circumstances in or be in any way associated with the management, either in his own name or that of any one else,* of any laundry or any laundry business, in the District of Columbia."

The complainant alleges in his bill, that he has, in all respects, performed the contract of purchase on his part; but that the defendant, Ira Godfrey, has grossly violated the contract on his part, by establishing and opening a laundry at No. 1307 F street, N. W., in the city of Washington, under the name of " Godfrey's Steam Laundry;" and that while said laundry is conducted nominally as belonging to the sister Millie W. Godfrey, it in fact and reality belongs to and is operated for the benefit of the defendant Ira Godfrey, or if not for his exclusive benefit, for the benefit of himself and his sister; that such laundry is, and has been for some time past, competing with the " Swiss Steam Laundry Company," in the city of Washington, and that the defendants are soliciting and procuring by false representations, the custom of the Swiss Steam Laundry Company, and, by such

means, have seriously injured the business of the latter company; whereby the stock of such company, owned by the complainant, is greatly depreciated and lessened in value.

The bill prays for an injunction against both defendants— against Ira Godfrey to restrain him from carrying on or engaging in the laundry business in the District of Columbia, and from being in any way connected with the carrying on or management of such business, either in his own name, or in the name of his sister Millie W. Godfrey, or otherwise; and against Millie W. Godfrey, to restrain her from carrying on the laundry business in the District, in association with or under the management of her brother Ira Godfrey, and from in any way aiding or abetting him in carrying on or managing such business in this District.

The defendants were required to answer, but without oath; and the answer of Ira Godfrey appears in the record, but that of his sister Millie W. has been omitted therefrom.

In the answer of Ira Godfrey, he denies all the material facts alleged, in respect to the violation of the contract; and he avers that the laundry established in Washington City as "Godfrey's Steam Laundry," at No. 1307 F street, belonged to his sister; and that he, without any compensation or agreement for compensation, had assisted his sister in the business by giving her advice in regard to the selection of machinery and putting the business in shape. He asserts that the agreement is void as being against public policy, and he prays the same benefit of that defense as if he had demurred to the bill for that cause.

There was proof taken, and the case was heard upon the pleadings and proof, and the decree of the 13th of July, 1894, was passed thereon, enjoining the defendants in accordance with the prayers of the bill, and decreeing against them jointly the payment of all the costs of the suit. And it is from so much of this decree as enjoins Ira Godfrey from acting as in the decree described, that he entered an appeal; and in directing the transcript of the record to be made for

this court, he directed that only the bill, the answer of Ira Godfrey, and the decree of the court should be inserted. All the proof upon which the court acted, and upon which the decree is founded, has been entirely omitted. And this court is now asked to review and reverse the decree in the absence of all the proof taken in the cause.

The object of the appellant seems to be to obtain the opinion of this court upon the abstract question, whether the clause in the contract of sale of the stock, whereby the appellant agreed not to engage in or become connected with, in any manner, any laundry or laundry business in the District of Columbia, is not contrary to public policy, and therefore void. But it is manifest that this cannot be considered as a mere abstract question, without reference to the facts and circumstances pertaining to the business, both of the Swiss Steam Laundry Company and that of the defendants. Whether the restraint imposed upon the defendant Ira Godfrey, by the contract, is reasonable or not, can only be determined in the light of the evidence of the case, upon which the court below acted, but which is withheld from this court. If the proof shows, as we must assume it does, that the restraint imposed was not larger or more extensive than was required for the necessary protection of the Swiss Steam Laundry Company, in which the complainant was largely interested as stockholder, then the contract would seem to be valid, according to unquestionable authority. *Horner* v. *Graves*, 7 Bing. 743 ; *Rousillon* v. *Rousillon*, 14 Ch. Div. 351 ; *Nav. Co.* v. *Winsor*, 20 Wall. 64, 67. As said by the Supreme Court, in the case last cited, " Cases must be judged according to their circumstances, and can only be rightly judged when the reason and grounds of the rule are carefully considered."

After a party has deliberately made his contract, and received the consideration therefor, it must plainly appear that it contravenes public policy before the courts will declare it void upon that ground. For, as said by the Master of the

Rolls, Sir George Jessel, in *Printing Co.* v. *Sampson*, L. R. 19 Eq. Cas. 462, "It must not be forgotten that we are not to extend arbitrarily those rules which say that a given contract is void, as being against public policy, because if there is one thing which more than another public policy requires, it is that men of full age and competent understanding shall have the utmost liberty of contracting, and that their contracts when entered into freely and voluntarily, shall be held sacred, and shall be enforced by courts of justice. Therefore, we have this paramount public policy to consider—that we are not likely to interfere with this freedom of contract." That is but saying, that substantial justice and the obligation of contracts are entitled to superior consideration to the vague and indefinite notions of public policy, urged to avoid a contract for which the party has received full consideration. Such a defense always comes with a bad grace from a party to the contract who has received full consideration, and enjoyed the fruits of the contract that he alleges to have been made in contravention of law or principles of public policy.

On the record before us we deem it unnecessary to say more than we have said; and indeed it may be thought that we have said more than we were called upon to say, considering the meagre state of the record brought into this court. And as upon this state of the record we perceive no ground for disturbing the decree of the court below, we shall dismiss the appeal, with costs to the appellee.