# LOVE *v.* STIDHAM.

CONTRACTS; JOINT OBLIGATIONS; QUESTIONS OF FACT FOR JURY.

1. Where partners sell their retail grocery business, with a joint obligation not to enter the same business within a limited area and time, and cease to be partners from the time of sale, it does not require the joint act of both obligors to constitute a breach of the obligation, but its violation by one is a violation by both, for which both are and each is liable to the obligee.

2. In order to show breach of an obligation by the vendors of a retail grocery store and business, not to engage in the same business within a limited area and time, it is not necessary for the vendees to show that the vendors retailed all of the articles that had been kept in and retailed from the store sold to the vendees; but only that a material and substantial part of such articles were retailed and sold by the vendors within the prescribed limits, provided that the business so conducted comes within the definition of a retail grocery business; and the vendors are liable if they serve customers within such limits, although they may have no residence, shop, store or place of business therein.

3. Where the vendors of a retail grocery business and store, from which was sold, among other things, butter, cheese, eggs and poultry, at the time of the sale, covenanted with the vendees not to engage in the retail grocery business within a limited time and area, and the vendees, in an action against the vendors to recover damages for breach of the covenant, show that one of the defendants, since the sale, carried on a business of selling such articles within the prescribed limits, such evidence is of a nature proper to be submitted to the jury upon the question as to whether a breach of the covenant had been committed, and if so, as to the *quantum* of damages; what constitutes a retail grocery business being, to a large extent, a question of fact.

No. 1053.  Submitted April 11, 1901.  Decided May 22, 1901.

HEARING on an appeal by the plaintiff from a judgment

of the Supreme Court of the District of Columbia upon the verdict of a jury directed by the court in an action of covenant. *Reversed.*

The COURT in its opinion states the case as follows:

This was an action of covenant instituted in the Supreme Court of this District by the appellants, Jesse C. and William Thomas Love, against the appellee, Samuel H. Stidham, and James W. Jones; the said Jones not having been served with process, the action proceeded to trial against the said Stidham alone, and who is the sole appellee in this appeal.

It appears that Stidham and Jones, prior to the 31st day of March, 1896, were engaged in the retail grocery business, at No. 1800 Fourteenth street, northwest, in the city of Washington, District of Columbia, in which business they sold at retail, groceries, provisions, butter, cheese, eggs, poultry, and other articles usually kept in a retail grocery store, and that they conducted said business under the firm name and style of S. H. Stidham & Co. That on the 31st day of March, 1896, they sold out their store to the appellants, with the entire stock of goods on hand, also two horses, wagons, harness and fixtures, together with the good-will of the said business, at and for the sum of $3,300. The contract was duly executed under the hands and seals of the parties, and the premises were duly delivered to the appellants under and in accordance with the terms of the contract, on the day that the contract was executed. By the contract it was provided, that the party of the first part, that is to say, Stidham and Jones, " shall not enter into the retail grocery business for the period of five years, within one mile of the store building located as herein set forth, and that the said party of the first part hereby assumes all responsibility for the payment of all debts incurred in said business up to and including March 31, A. D. 1896."

There are five counts in the declaration, but they state the

cause of action with but slight variation,— the breaches assigned being substantially the same in all the counts. The breach in the last count is substantially as follows:— That the defendants, Stidham and Jones, in open violation of their said covenant, did, on the 20th of April, 1896, enter into the retail grocery business, to wit, the business of selling at retail, groceries, provisions, butter, cheese, eggs, poultry, meats, vegetables, fruits, marketing, and other articles usually kept and sold in retail grocery stores, within one mile of the store building located as aforesaid, at and in the premises No. 1508 S street, northwest, in the city of Washington, D. C., and at and in and about a certain stall or stand in a certain market house, known as "Riggs Market," situate on P street, northwest, between Fourteenth and Fifteenth streets, in said city, and have or has been so engaged therein thence continually to the present time, whereby a large number, to wit, one hundred persons, who prior to said last-mentioned date were customers of the plaintiffs, having become so by reason of the said purchase by the plaintiffs from the defendants, and who as such customers had been theretofore accustomed to purchase from and deal at the said store of the plaintiffs so purchased by them as aforesaid, large quantities of groceries, provisions, butter, eggs, poultry, meats, vegetables, fruits, marketing, and other articles usually kept and sold in retail grocery stores in said city, have, instead of making such purchases of the plaintiffs, at the store purchased of the defendants, purchased said articles of the defendants at the place or stall in the market aforesaid, in which place or places of business the defendants carried on the retail grocery business, and the business of selling at retail, groceries, provisions, butter, cheese, eggs, poultry, meats, vegetables, fruits, etc., articles usually kept and sold in retail grocery stores in said city, since the time aforesaid, whereby the business and trade of the plaintiffs at the said store, have since the said date, been greatly injured and diminished, and by reason of such breach of said covenant, the plaintiffs have lost a large amount of trade, many customers,

and large profits, and the property so purchased and paid for by them, and especially said good-will, have been rendered of little value in their hands, and they have thus suffered damage in the sum of $10,000, for which they bring suit.

To the declaration the defendant Stidham pleaded several pleas, the defendant Jones not appearing. The pleas are as follows:

1. That he, said Stidham, did not jointly with his co-defendant Jones, nor did he individually or severally, covenant, promise, or agree, in manner and form as the plaintiffs have alleged.

2. That the defendant Stidham did not, with defendant Jones, nor did he individually or severally, at any time since the 31st day of March, 1896, enter into the retail grocery business within one mile of premises No. 1800 Fourteenth street, northwest, in said city of Washington, in manner and form as alleged.

3. That he did not with said Jones, nor did he individually or severally, on the 20th of April, 1896, or at any time since the 31st day of March, 1896, enter into the business of selling at retail butter, eggs or poultry, being a branch of the retail grocery business, and being also a branch or portion of the business which the defendants had sold to the plaintiffs, and in which the defendants had been engaged prior to the 31st day of March, 1896, etc., as alleged in the third count of the plaintiff's declaration, in manner and form as alleged.

4. That the defendant Stidham did not with said Jones, nor did he individually or severally, on the 20th of April, 1896, or at any time since the 31st day of March, 1896, enter into the business of selling at retail butter, eggs, poultry, cheese, meats, vegetables, marketing or provisions, being a branch of the business which the defendants sold to the plaintiffs, in manner and form as alleged in the fourth count of the plaintiffs' declaration.

5. The fifth plea is of former judgment recovered in favor of the defendant Stidham, in an action on the covenant sued

on in this case; but there was no evidence offered, so far as the present record discloses, in support of that plea, and it must, therefore, be treated as wholly immaterial upon this appeal.

Issue was joined upon all the pleas; and upon the trial it was shown in proof, that the defendant Stidham, after the sale of the store and good-will of the business at No. 1800 Fourteenth street, northwest, carried on a business of selling butter, eggs, poultry, and cheese, and that such business was carried on and conducted by said Stidham at stand No. 8 "Riggs Market;" and that the plaintiffs lost a considerable number of their customers by reason of said defendant carrying on said business. The plaintiffs gave in evidence two business cards of the defendant Stidham. The first of which is as follows: ".S. H. Stidham, dealer in finest grades of Elgin butter, and strictly fresh eggs.    Residence: 1508 S Street, N. W.  Stand: No. 8, Riggs Market."

The second card is as follows: " S. H. Stidham, poultry dealer.    Dressed poultry a specialty.    Residence: 1508 S Street, N. W.    Stand: No. 8 Riggs Market."

The plaintiffs offered evidence further to prove, that at the time of the sale of the store and good-will of the business to them the defendant had about seventy-five regular customers who dealt with the plaintiffs for a time after the sale; that very soon thereafter the plaintiffs' said customers began to drop off, and that the majority of said former customers of Stidham & Co. quit dealing with the plaintiffs from time to time, off and on; that the witness knew and could name about thirty-nine regular customers of said Stidham & Co. who dealt wholly with the plaintiffs for a time after the sale, but who entirely stopped dealing with the plaintiffs; that the business comprised dry groceries and green groceries, including butter, eggs, cheese, and poultry. That Stidham, after the sale to the plaintiffs, sold butter, eggs, and poultry from his wagon to certain customers named; that witness saw him at several places delivering goods from his wagon and that he had butter, eggs, cheese, and poultry in it.    That the distance of the "Riggs Market" from the

plaintiffs' store is three squares, and that of No. 1508 S street, northwest, is one and a half squares.

The witness, on cross-examination, testified that he never knew the defendant Jones to engage in business after the sale to the plaintiffs; that the customers who left the plaintiffs discontinued all purchases from them; that he had never known Stidham to sell sugar, coffee, meats, or any other articles than butter, eggs, cheese and poultry, after the sale of the store and good-will to the plaintiffs.

Upon the evidence offered by the plaintiffs, the defendant moved the court to instruct the jury to return a verdict for the defendant, and that instruction was given and the verdict returned for the defendant accordingly. The judgment was entered thereon and the plaintiffs have appealed.

*Mr. Thomas M. Fields, Messrs. Douglass & Douglass* and *Mr. Jean F. P. Des Garennes* for the appellants.

*Mr. J. J. Darlington* and *Mr. Joseph D. Wright* for the appellees:

1. It is a well-settled rule of law that where two or more persons make a contract, without any words of severance whatever, the instrument is joint only; and it is submitted that the contract of a partnership forms no exception to this rule. 1 Add. on Contr. 38; 1 Pars. on Contr. 11.

2. But it is contended by the appellants that, even though this be true, yet, inasmuch as the covenant in the case at bar is one made by a partnership, the general rule does not apply. This is not true. Lindley on Partn., Secs. 365–6. See also *Crosby* v. *Jerolman,* 37 Ind. 265, 273.

The covenant in this case is made in terms and is signed by the partnership, and the whole subject-matter of the contract, relating to the things to be done and avoided, pertains to the acts which the partnership, as such, agrees it will, or will not, do. The clause agreeing not to engage in the retail grocery business is joint, and is an undertaking by the firm that it, as such, will not engage in such business, and not that

the individual members separately shall not so engage. There was no proof whatever at the trial, nor was it claimed here, that the partnership of Stidham & Company, acting as a firm, had ever engaged in the retail grocery business in breach of its agreement. Yet this was the only issue in the pleadings at the trial, and the issue upon which the action of the court below, in directing a verdict, must stand or fall in this court.

In each of the five counts of the declaration, an express joint covenant is set up, and, as a breach thereof, it is alleged that the *defendants* did enter the retail grocery business. The testimony shows that the defendant Stidham, alone sold butter, eggs, cheese and poultry as a stall dealer in the Riggs Market, sales from his wagon not being claimed in the testimony to have been made within the mile limit, and if they could be claimed to have been a violation of the contract, which is denied.

3. It is insisted that, if it be true, as the appellants contend, that the acts of Stidham, individually, would bind the firm, yet, the plaintiffs having declared that both the defendants engaged in the prescribed business, any evidence short of proof that both Jones and Stidham did the forbidden thing did not sustain the case laid in the declaration, and the only one upon which the court below could rule. Nor can it be claimed that there was any surprise to the plaintiff. They amended their declaration for the very purpose of making the issue what it is, and they made no application, after their proofs were in, to further amend.

4. The appellants claim that the court below should have left it to the jury to say whether or not the sales by Stidham constitute entering into the retail grocery business within the meaning of the contract; but the attention of the court is respectfully directed to the fact that the plaintiffs rested their case without offering a single word of evidence to go to the jury on the meaning of that term as understood in the trade or otherwise. They cannot, then, insist that the court should have submitted this question to the jury under an issue which wholly failed of support in the testimony, even

if there had been such proof. In *Eastman* v. *Chicago,* 79
Ill. 178, it is held that ordinary retail booksellers are not
" dealers in second-hand goods," under an ordinance requir-
ing a license for such dealers, because, in connection with the
business, and as incidental thereto, they buy and sell second-
hand books. In *Shiels* v. *Great Northern R. Co.,* 30 L. J.
Q. B. 331, it is held a railroad company does not carry on
business in a certain place within the meaning of a statute
defining the locality of jurisdiction over it, merely because
it has a station there by which passengers and freight are
received and contracts therefor made.

5. In the cases of *Western District Warehouse Company*
v. *Hobson,* 96 Ky. 550; *Boutelle* v. *Smith,* 116 Mass. 111;
and *Stark* v. *Noble,* 24 Iowa, 71, the contracts contained
express words of severalty, such as " that they will not or
either of them," etc (*Boutelle* v. *Smith, supra*); " the firm
of H. H. Hobson & Co., or as individuals " (*Warehouse Com-
pany* v. *Hobson, supra*) ; and to the same effect was the con-
tract in *Stark* v. *Noble.* As will be seen by reference to the
license acts of the District of Columbia, dealers in butter and
cheese, poultry and eggs, are denominated " dealers in
*farmers' produce.*"

Mr. Chief Justice Alvey delivered the opinion of the
Court:

The specific ground upon which the ruling of the court
below was founded is not stated in the bill of exception; but
it seems to be conceded by both sides that the view upon
which the court acted in withdrawing the case from the jury
was, that the covenant sued on was not broken by the acts
and conduct of Stidham alone; that as the covenant in terms
was joint, and provided only against the joint acts of both
Stidham and Jones, to entitle the plaintiffs to recover it was
incumbent upon them to show that the breach complained of
was committed by the joint act or acts of both Stidham and
Jones; and without evidence to that effect no recovery could
be had against Stidham for acts committed by him alone.

That is to say, the acts of one are not to be construed as the acts of both under the covenant. Whether this is the proper construction of the covenant, is the first and principal question in the case.

There can be no question but that the covenant sued on is, by its terms, a joint covenant, and not joint and several. But does it follow that it requires the *joint act* of both defendants in order to constitute a breach of this covenant? A joint covenant does not necessarily mean a joint act to incur liability under it. The covenant is negative in form, that is to say, that *the party* of the first part " shall not enter into the retail grocery business for the period of five years, within one mile," etc. The covenant is not " that the party " shall not as partners, and only as partners, enter into the retail grocery business, but they jointly obligate themselves that they will not enter into such business. They ceased to be partners from the time of selling out their business to the plaintiffs. To say that there could be no violation of the covenant except by the joint acts of the defendants as and in their character of partners, would seem at once to deprive the plaintiffs of all substantial benefit and protection of the covenant, by reason of the easy manner in which it could be evaded. If such be the construction of the covenant, both Stidham and Jones, acting separately and individually, could each establish a place for carrying on the grocery business, within a block of the plaintiffs' store, with entire impunity. Such could never have been the intention of the parties. The violation of the spirit and substantial meaning of the covenant by one of the defendants is a violation by both, and for which both are liable. The authorities seem to be clear to the effect, that any number of persons may bind themselves *jointly* for the performance of one entire duty, and so become sureties for one another for the performance of the thing contracted to be done. 1 Wms. Saund. 291b, note 4; 1 Add. on Contr. 38, 39. The substance of the covenant ought not to be sacrificed to a dry technicality without reason, as would certainly be the case, if one, or both of the defendants separately, could do what the defend-

ant Stidham has done, without incurring liability under the covenant.

.There are decided cases that fully support the contention of the plaintiffs. The case of *Kramer* v. *Old,* 119 N. C. 1, was where there was a sale of a mill by partners, and the joint stipulation on their part was " that they would not continue business of milling in the vicinity of Elizabeth City after the first day of September, 1891, and the full completion of the agreement." In that case it was held to be a violation of the contract for any one, or all of the vendors to take stock in, help to organize, or manage a corporation formed to compete with the purchaser of the mill in such business. It was also held to be a violation of the contract for the prohibited parties to furnish machinery or capital, or a portion of either, in lieu of stock, in a corporation organized with a view of competing with the person protected by his contract against such injury. The court in that case proceeded upon the ground that a reasonable and fair construction of the restrictive stipulation fully warranted the judgment against the defendants.

In the case of *Boutelle* v. *Smith,* 116 Mass. 111, a firm of two bakers sold their business and good-will to another firm, with an obligation that they would not enter into the business within a limited area and time. One of the vendors engaged as a clerk with a third person having his store or place of business outside of the limited area, but such clerk drove a wagon over his former routes and sold and delivered bread to his former customers. This was held to constitute a breach of the contract and to render both vendors liable for the acts of the one. The court, speaking by Mr. Chief Justice Gray, said: " The acts of one of the defendants offered to be proved at the trial, were a clear breach of their joint obligation;" citing case of *Angier* v. *Webber,* 14 Allen, 211.

The case of *Warehouse Co.* v. *Hobson,* 96 Ky. 550, was a suit instituted against Hobson and others for damages, and to restrain Hobson from carrying on the tobacco business in Paducah or in that vicinity, in violation of a stipulation in

restraint of such business.  The bill of sale of Hobson & Co.,
by which they disposed of their warehouse business, contained
this provision: "And also all our good-will in said ware-
house business as members of the firm of H. H. Hobson &
Co., or as individuals; and we agree with said company not
to engage in said business, directly or indirectly, for a
period of ten years from this date." This provision of the
contract of sale was violated by the individual acts of Hobson
alone.  The Court of Appeals held that the plaintiff was en-
titled to redress for such violation of the contract of sale, and
in their opinion stated the case as follows:

"It appears that appellees were owners of a tobacco
warehouse in Paducah, and had built up quite a large trade
in that vicinity.  Some time prior to March 14, 1892, the
appellant purchased the property and good-will of the appel-
lees, and also, as alleged, contracted and agreed with them that
they, the appellees, would not enter into said business directly
or indirectly for ten years.  Appellees executed deed of con-
veyance to appellant for said property, but afterwards ap-
pellee Hobson engaged in the same business, in the city of
Paducah, and within less than five years from the sale."
For this violation of the contract by the acts of Hobson alone,
his co-contractors and obligors were held liable.  See also
the case of *Stark* v. *Noble,* 24 Iowa, 71, where the same
principle is maintained.

It is urged on behalf of the defendant Stidham, that the
cases of *Boutelle* v. *Smith,* and *Warehouse Co.* v. *Hobson,*
do not apply to this case, because they were cases where the
contract was both joint and several.  But whether that be
the case or not is wholly immaterial in the application of
those cases to the present.  In those cases the court enforced
the *joint obligation* of the parties, for the separate violation
by one of them, treating all as equally and jointly bound
for breaches committed by one or more of them, by virtue of
the joint term in the contract.

2. The validity of the covenant sued on is not questioned,
and could not be, upon the settled doctrine upon the subject
as laid down by the Supreme Court, in the case of *Gibbs* v.

*The Baltimore Gas Co.,* 130 U. S. 396, 409.  That being
so, the only remaining question is, whether the facts of the
case as proved by the plaintiffs were sufficient to require
the case to be submitted to the jury for their consideration,
to establish a breach of the covenant.  Did the defendants or
either of them enter into the retail grocery business, within
the time and area prescribed?  To answer this question in
the affirmative it does not require that it be shown that the
defendant had a regular store, or that he retailed all the
articles that had been kept and retailed from the store sold
to the plaintiffs.  If a material and substantial part of
such articles were retailed and sold by the defendant within
the prescribed limits, that would constitute a breach of the
covenant, provided it comes within the definition of a retail
grocery business.  The defendant is responsible if he served
customers within the prescribed limits, although he might
have no residence, shop or place of business within such
limits.  *Turner* v. *Evans,* 2 El. & Bl. 512; *Brampton* v.
*Beddoes,* 13 C. B. (N. S.) 538.  He must, however, have
entered into and carried on a retail grocery business.  What
constitutes a retail grocery business is, to a large extent, a
matter of fact, and must be determined by a jury, under
proper instructions from the court, as to the meaning and
construction of the contract.  We think the evidence in this
case was of a nature proper to have been submitted to the
jury upon the question as to whether a breach of the covenant
had been committed, and if a breach had been found to have
been committed, as to the *quantum* of damages.

Upon the whole, we think there was error in the ruling
of the court below, in taking the case from the jury, and we
must, therefore, reverse the judgment and remand the case
for a new trial; and it is so ordered.  *Judgment reversed
and cause remanded.*

A motion for a rehearing was overruled.