### SMITHLOFF v. WEINMAN.

ATKINSON, J.   A merchant operating a grocery store and meat-market in the City of Atlanta sold his business and good will, executing to the vendee a written instrument of sale.   In addition to describing the subject-matter of the sale and expressly including the "good will" of the vendor, the instrument contained a clause that the vendor "agrees not to engage in the grocery and meat-market business within a radius of six blocks of the present location of the business hereby sold, . . either directly or indirectly, or as principal, agent, or employee, and this agreement is hereby made a part of the consideration for the purchase of said grocery store and meat-market business."   Shortly after the sale the vendor established another business of the same kind in the vicinity, but outside of the restricted territory.   The vendee instituted an action to enjoin the vendor (a) from conducting his grocery and meat business within the described territory; (b) from soliciting orders for groceries and meats within the described territory, and from delivering the groceries and meats within that territory, and for general relief.   *Held:*

Appeal and Error, 4 C. J. p. 883, n. 33; p. 969, n. 56; p. 975, n. 88.
Costs, 15 C. J. p. 251, n. 53.
Injunctions, 32 C. J. p. 222, n. 19; p. 223, n. 28 New; p. 350, n. 76; p. 376, n. 78.

29

1. Under proper construction the contract denied the right of the vendor to solicit orders within the restricted territory, or to make deliveries within that territory upon orders that were not solicited, under circumstances where delivery was necessary to completion of a sale.

2. The court admitted in evidence certain printed circulars which contained an announcement of the opening of the new store by the defendant for the sale of groceries and meats, over the objection that there was no evidence to show that the papers had been distributed in the restricted territory by the defendant or any one authorized by him. It was erroneous to admit the papers in evidence, but in the light of the other evidence in the case the error will not cause a reversal.

3. It was alleged in the petition, among other things, that the defendant was engaged in soliciting orders in the restricted territory; and a witness for the plaintiff testified positively that the allegations of the petition were true. Other witnesses for the plaintiff and the defendant testified to the contrary. On the conflicting evidence the judge was authorized to find in favor of the plaintiff on this point.

4. It was also alleged that the defendant sold and delivered goods within the restricted territory. Upon this point the evidence was undisputed that old customers of the defendant were accustomed to order goods from him at his new place of business, and that he would make deliveries of such goods within the restricted territory by his delivery agent. Under this evidence the court was authorized to hold that there was a violation by the defendant of the terms of the restrictive covenant under the contract of sale.

5. The case was decided at an interlocutory hearing prior to the time at which a final judgment could have been rendered. The judge granted a permanent injunction. This judgment was erroneous in so far as it made the injunction permanent instead of temporary; and direction is given that it be modified accordingly.

6. The plaintiff in error having obtained a substantial modification of the judgment, the cost of bringing the case to the Supreme Court will be taxed against the defendant in error.

*Judgment affirmed, with direction. All the Justices concur.*

*W. B. Hartsfield* and *Branch & Howard,* for plaintiff in error. *Parker & Patterson, B. B. Patterson,* and *R. B. Pullen,* contra.