MIDLAND LUMBER & COAL COMPANY, Respondent, vs. ROESSLER, Appellant.

*November 13—December 9, 1930.*

130

131

For the appellant there was a brief by *W. A. Campman* of Neillsville and *Goggins, Brazeau & Graves* of Wisconsin Rapids, and oral argument by *Mr. Theo. W. Brazeau* and *Mr. Campman.*

For the respondent there was a brief by *Rush & Devos.* of Neillsville, and oral argument by *A. L. Devos.*

OWEN, J. We construe the contract under consideration as one by which the defendant agrees for a period of ten years not to engage in the lumber business within a radius of ten miles of the city of Neillsville. Although the defendant transferred the good will of his business to J. A. McCampbell, the parties themselves evidently were of the opinion that such good will would be fully protected if the said Otto Roessler did not engage in the lumber business within a radius of ten miles of the city of Neillsville. The question then is whether any of the acts recited in the statement of facts constituted a breach of this agreement.

We are clear that the agreement does not prohibit the defendant from taking building contracts within the ten-mile limit. He did not sell, and the purchasers did not buy, his contracting business. He sold only his retail lumber business. So far as the contract is concerned, the defendant is at liberty to follow his contracting business within the ten-mile limit and to procure his lumber wherever he pleases.

It is not claimed that the contract is breached by the defendant establishing himself in the lumber business in the village of Chili. That is without the ten-mile radius. At that point he may do business with all who come to do business with him, whether they come from within or without the ten-mile radius. He did not agree to refrain from doing business with any person residing within the ten-mile radius. He merely agreed that he would not engage in the

lumber business within a radius of ten miles of the city of Neillsville. He is not so engaged while transacting business in the village of Chili. That leaves only to be considered the question of whether the infrequent and sporadic deliveries of lumber within the radius constituted engaging in the lumber business within such radius. We recognize the possibility of his becoming engaged in the lumber business within the ten-mile radius even though his place of business be beyond that radius. If he systematically and continuously solicited orders from those residing within the radius to be filled from his place of business established outside of the radius, it might amount to an engaging in the lumber business within the radius. *Turner v. Evans,* 2 Ell. & Bl. 512; *Brampton v. Beddoes,* 13 Com. Bench Rep. N. S. 536.

While in the cases cited the activities of the one bound by the covenant were held to constitute the doing of business in violation of the agreement within the prohibited territory, it was recognized that occasional, isolated acts would not amount to an engaging in business. In the first case cited the defendant had sold his wine cellar, and by the contract of sale had agreed not to set up, embark in, or carry on the business or trade of a wine merchant within the proscribed territory. Thereafter he set up a place of business as a wine merchant outside the proscribed territory, continuously and systematically solicited orders within the proscribed territory, and filled them from his cellars situated outside the territory. Lord CAMPBELL said: "I am of opinion that, if this is done systematically, it is carrying on the business of a wine merchant. If done now and then, to oblige an old customer or the like, it would be no breach of the contract; for that would not be carrying on business; but here it was done on system."

In *Brampton v. Beddoes, supra,* the sale was of the good will of a drapery and hosiery business for 170 pounds under

a restrictive covenant, which it was held was broken by the vendors supplying from a place beyond the proscribed limit goods to the amount of 150 pounds to customers residing within the district at their solicitation. ERLE, C. J., said: "It is said that a mere casual sale of goods will not constitute a carrying on of business. But, however that may be, here the sales were to a large amount; and I cannot entertain a doubt that the defendant has broken his contract."

The evidence fails to disclose any solicitation on the part of the defendant within the ten-mile radius. It does not show any special terms or conditions granted to customers within the ten-mile radius to induce them to trade with him. He has only furnished lumber to those who voluntarily came to his place of business to purchase. In two or three instances he delivered the lumber so purchased. It does not appear, however, that this was an inducement offered for the purpose of attracting patronage. It appears to have been but an act of neighborly accommodation in each instance. We do not say that the systematic delivery of lumber within the radius made as an inducement for the attraction of patronage from the radius might not constitute a violation of the contract. However, we think he may deal at Chili with those living within the radius upon the same terms as he deals with those living without the radius, and that if he delivers lumber to those living without the radius he may also deliver lumber to those living within the radius. But be that as it may, it does not appear that the deliveries shown to have been made within the radius were made with a view of attracting patronage, and they cannot be held to constitute an engaging on the part of the defendant in the lumber business within the radius. The defendant's conduct furnished no ground for the intervention of a court of equity, and the judgment must be reversed.

*By the Court.*—Judgment reversed, and cause remanded with instructions to dismiss the complaint.