**ALLISON et al. v. SEIGLE et al.**

No. 6375.

United States Court of Appeals for the District of Columbia.

Argued May 8, 1935.

Decided June 29, 1935.

Rehearing Denied July 22, 1935.

James A. Toomey, of Washington, D. C., for appellants.

George E. Sullivan, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

In 1927 appellant Allison, then engaged in the drug business in Washington City, sold his stock of drugs, furniture, fixtures, equipment, and good will to appellees. The bill of sale contained the following provision: "I agree not to conduct, own, or operate a drug store within a radius of ten (10) blocks while said Seigle owns said drug business."

From 1927 to 1932 purchasers conducted the business in the building in which it had been conducted by seller, but in January of 1932 moved the business to a storeroom in the same block, one hundred feet away. Seller and Eastern Laboratory, Inc., then moved into the abandoned store, and immediately began to conduct and operate a drug business.

Suit was brought by appellees for injunction and damages. The court below held that seller and the laboratory had violated the contract, entered an injunction order, and on the coming in of the auditor's report, entered a decree for damages. From that decree this appeal was taken.

We agree with the lower court that the contract made by the seller, being limited as to time and space, is valid. Erikson v. Hawley, 56 App. D. C. 268, 12 F.(2d) 491; Addyston Pipe Case (C. C. A.) 85 F. 271, 46 L. R. A. 122. And this is conceded by appellants.

The single ground of defense is that, because appellees moved the business from one store to another in the same block, seller's agreement is no longer binding. No authority is cited to sustain this contention, and we think none can be. The language of the contract obligated the seller not to conduct a drug store during the time the purchasers continued to own the drug business bought from him. There is nothing which imposes on purchasers the obligation to conduct the drug business in the particular storeroom, and therefore no breach of contract on their part in moving it from one store to another. Nor is there any claim of laches.

The reasonable construction of the agreement is that the seller would not conduct a drug business within a radius of 10 blocks of the then place of business. To read into it, also, a condition that seller's covenant should apply only so long as the drug business was maintained in the particular storeroom, is wholly unwarranted by anything that appears in the bill of sale. Nor can we read into it such a condition solely because the purchasers, at the time of the sale, took from the seller a five-year lease of the premises. The lease bound the purchasers to pay the rent money; but no more. The covenant sued on is not mentioned or referred to.

The lower court was clearly right, and the decree is affirmed.

Affirmed.