## HARTUNG v. HILDA MILLER, INC.
### No. 8365.

United States Court of Appeals for the District of Columbia.

Argued Jan. 5, 1943.

Decided Jan. 28, 1943.

Mr. Orille C. Gaudette, with whom Mr. Josiah Lyman, both of Washington, D. C., was on the brief, for appellant.

Mr. Simon Hirshman, of Washington, D. C., for appellee.

Before GRONER, C. J., and VINSON and EDGERTON, JJ.

EDGERTON, Associate Justice.

On October 14, 1941, appellant and her husband sold to appellee's assignor, for the benefit of a corporation to be formed, a furniture business on Upshur Street in Washington, D. C. In the contract of sale, the sellers agreed "that the corporation to be formed * * * shall have the exclusive right to use the name Hilda Miller, Inc. and * * * that they will neither jointly nor severally engage in the furniture business under either of their said names nor any other name within the District of Columbia on or before October 9, 1951." Appellant soon opened a furniture store in Silver Spring, Maryland, three or four miles away from the business sold, and filed a complaint to enjoin appellee from using the name Hilda N. Miller in connection with the Upshur Street business. In a cross-complaint, appellee alleged that appellant had advertised her Silver Spring business in the Washington Star on May 31, June 7, and June 14, 1942, and asked that she be enjoined from carrying on the furniture business under the name of Hilda N. Miller or, in the alternative, from advertising her business in Washington newspapers. Counsel agreed that no issues of fact were involved. The court granted appellant substantially the relief she sought, but also enjoined her "from engaging in the furniture business in the District of Columbia, directly or indirectly, through the use of advertisements published in the District of Columbia newspapers, the Washington, D. C. Telephone Directory, or in any other manner or form, until October 9, 1951." This appeal is from that injunction.

Appellant's agreement not to engage in the furniture business in the District of Columbia for ten years was reasonable and valid.[1] The question is whether she has violated it.

---

[1] Godfrey v. Roessle, 5 App.D.C. 299; Erikson v. Hawley, 56 App.D.C. 268, 12 F.2d 491; Allison v. Seigle, 65 App.D.C. 45, 79 F.2d 170.

Washington, D. C., and Silver Spring, Maryland, were once separate communities but have grown together. Silver Spring is served largely by District of Columbia transportation and utility companies, department stores, and newspapers. Socially and commercially, though not politically, it is part of the metropolitan area. Nevertheless, appellee now concedes that appellant may engage in the furniture business in Silver Spring. Her right to do so in some sense and to some extent seems clear. But it does not follow that she may do whatever an unrestricted Silver Spring furniture dealer would do. Such a dealer would be likely to engage in business in the District of Columbia, which appellant has agreed not to do. She has gone to the geographical and legal limits of her contract, and the question is whether she has crossed them.

Perhaps some activity in a prohibited area may be so slight and casual,[2] or so nearly inevitable, an incident of business in a permitted area that it should not be enjoined. No doubt appellant might properly advertise in a Silver Spring paper, although a few copies might find their way into the District. But acts which appellant does or causes to be done in the District may be violations of her covenant despite the fact that they are normal incidents of a business in Silver Spring. In general, and subject to exceptions which cannot be sharply defined, we think the covenant means at least this, that appellant will not do or cause others to do, within the District, acts which tend and which she intends to result in sales of furniture to District residents for District use.[3]

Clearly appellant may not send agents into the District to distribute circulars or solicit old or new customers.[4] Acts which she does through newspapers or public services instead of agents may have similar practical and legal effects. We see no sufficient distinction, for present purposes, between sending solicitors into Washington and advertising in Washington newspapers. These papers circulate chiefly in the District of Columbia. Appellant's advertisements involved substantial expense, which she would hardly have incurred without the hope of reaching many people. She "cordially invites all her friends and patrons" to visit her "new store." Obviously these friends and patrons are, or include, the customers of her old store. We cannot say that District people would be unlikely to respond as appellant hoped. Stores in the outskirts of a large city sometimes draw many of their customers from within. We think the advertisements violated appellant's covenant. The injunction against advertising in Washington newspapers was therefore proper. If, as appellant contends, it practically cuts her off from newspaper advertising, this results from her going to the very fringe of her contract in choosing her new location.

Though it does not appear that appellant has advertised in the Washington telephone directory, such advertising is so similar to advertising in Washington newspapers that it was properly included in the injunction.

Appellant's business telephone, like others in Silver Spring, is now listed in both the general and the classified sections of the Washington telephone directory. Since appellee does not complain of the general listing, we need not consider it; but we think the injunction should expressly forbid, listing in the classified section of the Washington directory. The classified section of the directory for Silver Spring, Takoma Park, etc., is open to appellant.

We think the general prohibition against engaging in the furniture business in the District of Columbia should be struck from the injunction, both because it does not tell appellant definitely what she is forbidden to do and because it would subject her to contempt proceedings if she should ever commit new violations of her covenant, however unlike those which she has committed.[5]

Judgment modified and affirmed.

---

[2] Cf. Midland Lumber & Coal Co. v. Roessler, 203 Wis. 129, 233 N.W. 614.

[3] Cases on the jurisdiction of local courts or legislatures throw little or no light on the question what these parties, who probably knew nothing about such cases, meant by their contract; since contractual exclusion of competition has different purposes from public regulation of jurisdiction or of commerce.

[4] Smithloff v. Weinman, 165 Ga. 449, 141 S.E. 205; Richards v. Shipley, 257 Pa. 134, 101 A. 456; Love v. Stidham, 18 App.D.C. 306, 317, 53 L.R.A. 397.

[5] Cf. National Labor Relations Board v. Express Publishing Co., 312 U.S. 426, 435-438, 61 S.Ct. 693, 85 L.Ed. 930.