**CHEMICAL FIREPROOFING CORPORA-
TION v. KROUSE.**

**No. 9148.**

United States Court of Appeals
District of Columbia.

Argued March 29, 1946.
Decided May 27, 1946.

Mr. Morris J. Leher, of Cincinnati, Ohio, pro hac vice, by special leave of Court, with whom Mr. Henry L. Lyman, of Washington, D. C., was on the brief, for appellant.

Mr. Robert Conroy, of Washington, D. C., for appellee.

Before CLARK, WILBUR K. MILLER, and PRETTYMAN, Associate Justices.

CLARK, Associate Justice.

Appellant here, plaintiff below, is seeking a reversal of that part of a District Court order which held invalid a provision of an employment contract between appellant and appellee which aimed at precluding appellee, for a period of three years, from engaging, as a competitor, in the solicitation of appellant's customers.

The facts of the case are virtually uncontested. Appellant employed appellee, defendant below, under a written contract dated October 27, 1943, containing, among other items, the following provision:

"(4) As a consideration for this employment agreement foreman agrees that for a period of one year after the termination of the employment covered by this agreement he will not directly or indirectly either as operator or foreman engage in a business similar to that conducted by the employer in the territory covered by this agreement and he further agrees that for a period of three (3) years after the termination of the employment covered by this agreement he will not directly or indirectly either in the capacity of operator or foreman of a business similar to that conducted by employer, solicit or call upon any person, firm or corporation which had been a customer of employer prior to the time of the termination of employment."

The trial court found as a fact that the defendant, appellee here, continued in the employment of plaintiff until April 26, 1944, at which time he terminated that employment and went into the same business on his own, accepting business from his former employer's customers. The lower court found the one year portion of the restrictive covenant valid and gave judgment in favor of the plaintiff, referring the case to the Court's Auditor for a deter-

mination on the matter of damages. At the same time the trial court ruled that the three year part of the negative covenant was invalid for the reason that it was "unlimited as to space." Hence, a temporary injunction against the defendant was dissolved, "inasmuch as the period involved in that part of the agreement which is valid has expired." It is the lower court's ruling on the three year provision that is in issue on this appeal.

It was apparently the view of the trial court that the words, "in the territory covered by this agreement", which are used in close reference to the one year provision, did not apply as a limitation on the three year covenant. The "territory" was found to be the states of Virginia, West Virginia, Maryland, Delaware, Pennsylvania, and the District of Columbia. It seems to us most likely that the parties to this contract considered both periods named in this provision to be governed by the same territorial boundaries, though admittedly there is some ambiguity in the phraseology.

■ However, so far as relates to this appeal, we are of the opinion that the ruling of the trial court should be affirmed on the general equitable principle that for injunctive relief to be granted in cases of this character the negative covenant must be "reasonable" both as to time and territory.[1] The restriction "shall be no greater than is reasonably necessary to secure the protection of the business or good will of the employer." A determination of the "reasonableness" of the negative covenant requires a discretionary judgment that can only be made in the light of such factors as the nature of the business, the character of the service performed by, and the station of the employee, in relation to area in which the former employer seeks to be protected.

■ So far as it appears, appellant's business involves the cleaning of grease and inflammable materials from vents, ducts, exhausts and miscellaneous kitchen equipment, and treating the surfaces with a fire-retarding preparation. It does not appear that there are any significant "trade secrets," except possibly the compounding of the fire-retarding preparation, and as to this secrecy there is a dispute. The principal ingredient of the business seems to be hard, and not particularly skilled, manual labor.[2] In such circumstances we think the three year provision, even assuming it is limited to the territory agreed upon, is an unreasonable and invalid restraint, from the standpoint of time as well as territory. The area covered by this agreement is extremely wide when viewed in the light of what appears to be the character of the business. It would, we think, be violative of public policy to enforce this restriction.

Affirmed.

---

[1] For a discussion of the controlling considerations see, Harrison v. Glucose Sugar Refining Co., 7 Cir., 116 F. 304, 58 L.R.A. 915 (Where the restriction was limited to the period covered by the employment agreement, and was upheld). Wawak Co. v. Kaiser, 7 Cir., 90 F.2d 694; United Lens Corp. v. Doray Lamp Co., 7 Cir., 93 F.2d 969; Heinz v. National Bank of Commerce, 8 Cir., 237 F. 942, in all of which the restrictions were upheld as "reasonable". It should be noted that in general the courts have not accepted the standards for judging the "reasonableness" of restrictions which are incident to the sale of a going business as determinative in the personal service cases. See Kinney v. Scarbrough Co., 138 Ga. 77, 74 S.E. 772, 40 L.R.A.,N.S., 473, 474. Cf., Eureka Laundry Co. v. Long, 146 Wis. 205, 131 N.W. 412, 35 L.R.A.,N.S., 119; Deuerling v. City Baking Co., 155 Md. 280, 141 A. 542, 67 A.L.R. 993. For business sale cases see, Oregon Steam Nav. Co. v. Winsor, 87 U.S. 64, 20 Wall. 64, 22 L.Ed. 315; Hartung v. Hilda Miller, Inc., 77 U.S.App. D.C. 164, 133 F.2d 401; Allison v. Seigle, 65 App.D.C. 45, 79 F.2d 170.

[2] This situation is clearly distinguishable from that in which there is a high type professional apprenticeship. For cases of this latter type see, Erikson v. Hawley, 56 App.D.C. 268, 12 F.2d 491; Freudenthal v. Espey, 45 Colo. 488, 102 P. 280, 26 L.R.A.,N.S., 961.