KNOEDLER *et al. v.* BOUSSOD *et al.*

(*Circuit Court, S. D. New York.* September 23, 1891.)

SALE OF GOOD-WILL—RIGHT OF PURCHASER TO USE SELLER'S NAME.

 G. & Co., a Paris firm, sold out to plaintiffs their business and good-will in New York, where they had a branch, and authorized plaintiffs to style themselves "G. & Co., K. & Co., successors." *Held,* that the successors of G. & Co. in Paris had the right to establish a branch in New York, and advertise as "G. & Co., of Paris, B., V. & Co., successors," though they could not hold themselves out as the successors of the business bought by plaintiffs.

In Equity.
*F. R. Coudert* and *Edw. K. Jones,* for plaintiffs.
*E. H. Lewis,* for defendants.

WALLACE, J. The plaintiffs have brought this suit to restrain the defendants from using in New York city, or elsewhere in this country, the trade name of "Goupil & Co.," or any words indicating that they are successors in trade of Goupil & Co. The facts are these: Several years prior to 1857, Messrs. Goupil & Co., of Paris, dealers there in prints, pictures, etc., had established a branch house in New York city, and carried on the business under the management of M. Knoedler. In 1857 they sold the New York concern to M. Knoedler, reserving the "ownership" of certain designated prints and pictures, the outstanding accounts, and the money on hand. The contract of sale contained, among others, these recitals:

 "The said business is composed of its furniture and fixtures, its supplies, the continuation of the lease of the house where the business is carried on, and the good-will attached to it. M. Knoedler accepts this sale, declaring that he knows perfectly the business which is its object, and which for several years he has been managing. He acknowledges that he is at this moment in full possession of the said business and its belongings. The title of the house now transferred will in future be 'Former house, Goupil & Co., M. Knoedler, successor.'"

 A further condition of the contract was that Messrs. Goupil & Co. should supply M. Knoedler for the term of six years with an assortment of prints published by them, and such pictures as they might deem suitable. Thenceforth M. Knoedler carried on the business thus purchased, using the name "Goupil & Co., M. Knoedler, successor," or, as his sons and others became his partners, "Goupil & Co., M. Knoedler & Co., successors;" and frequently, with the knowledge and acquiescence of the Paris firm, using the name "Goupil & Co." only. In the mean time the Paris firm and the New York firm dealt largely with one another, and the business relations between them were intimate. In 1884, M. Goupil, who was the founder of the Paris concern, and from whom it took its name, retired from business. The defendants were his partners, and, conformably to the law of France, became entitled to carry on the business there by the name of "Goupil & Co., Boussod, Valadon & Co., successors," and have done so ever since. In 1887 they established at New

York city, and have since carried on, a business there similar to that of the plaintiffs, using the name "Goupil & Co., of Paris; Boussod, Valadon & Co., successors."

The real question in the case is whether the acts of the defendants tend to depreciate the value of the good-will of the concern bought by M. Knoedler in 1857, to which the plaintiffs have succeeded. No importance is to be attached to the cession of the right to M. Knoedler to designate himself as the successor of Goupil & Co. He acquired this right by the purchase of the good-will, irrespective of the stipulation in the agreement giving it to him. The stipulation did not authorize him to use the name of Goupil & Co. without the addition, and did not add to his rights in the slightest degree. There is nothing in the agreement, in terms or by implication, indicating that Messrs. Goupil & Co. were not to be permitted to engage thereafter in business at New York city; certainly nothing that they were not to do so at their option after the expiration of the six years during which they were to supply M. Knoedler with their productions. It is elementary law that the sale of a business and its good-will does not imply a promise on the part of the vendor not to engage thereafter in a similar business; and the authorities agree that, in the absence of express or implied conditions in the contract of sale to the contrary, the vendor is at liberty to set up a similar business in the same locality, and use his own name in carrying it on. The good-will of a business comprises those advantages which may inure to the purchaser from holding himself out to the public as succeeding to an enterprise which has been identified in the past with the name and repute of his predecessor. Any conduct on the part of a vendor of a good-will calculated to impair the value of these advantages is a breach of the promise, implied in sales of every description, that the vendor will not disturb the vendee in the enjoyment of his purchase. This is the principle of the adjudications in which it has been ruled that, although the vendor may set up a rival business in the same locality, he will not be permitted to hold himself out as carrying on the establishment of which he has sold the good-will; that he may carry on a similar business, but must not represent it to be the same business. *Churton* v. *Douglas*, 1 Johns. Eng. Ch. 174; *Hogg* v. *Kirby*, 8 Ves. 214; *Cruttwell* v. *Lye*, 17 Ves. 335; *Hall's Appeal*, 60 Pa. St. 458; *Washburn* v. *Dosch*, 68 Wis. 436, 32 N. W. Rep. 551. It was held in *Labouchere* v. *Dawson*, L. R. 13 Eq. 322, that the vendor, although at liberty to advertise that he is carrying on the new business, may not use any direct solicitation to a customer of the old business to induce him to transfer his patronage from it to the new. In *Pearson* v. *Pearson*, 51 Law T. (N. S.) 311, and *Walker* v. *Mottram*, 19 Ch. Div. 355, the doctrine of *Labouchere* v. *Dawson* was questioned. See, also, *Leggott* v. *Barrett*, 15 Ch. Div. 308, and *Cottrell* v. *Manufacturing Co.*, 54 Conn. 122, 6 Atl. Rep. 791.

The defendants, equally with the plaintiffs, are entitled to designate themselves as the "successors" of Goupil & Co.; but they cannot hold themselves out as successors to the business bought by the plaintiffs. By advertising themselves as the successors of Goupil & Co., "of Paris,"

they escape the imputation of any purpose to confuse the identity of their business with that of the plaintiffs. Inasmuch as over 30 years, the life of a generation, have elapsed since the plaintiffs acquired the good-will of the New York branch of the business of Goupil & Co., it is hardly possible that they are in danger of losing any of the patronage incident to that good-will. They cannot complain if they lose some of the patronage which may have been attracted by the repute enjoyed in the mean time by the Paris firm, and of which they may have been to some extent the beneficiaries. The defendants have a better right to this patronage than the plaintiffs have. The suit seems to have been brought upon the theory that the plaintiffs acquired the exclusive right to use the name of Goupil & Co. as a trade designation in this country. The plaintiffs have no such right. The case is not one where the vendor of a business has covenanted not to use his name in a similar business in the same locality, nor is it even one where the vendor has authorized a purchaser to use his name at a given place as part of the good-will purchased; but it is one where the vendors authorized the vendee to use their name in conjunction with his by such a term of description as to denote that he had succeeded to their former business at New York city and its good-will. The bill is dismissed.