THE VILLAGE OF TONAWANDA, Appellant, *v.* HARRIET PRICE et al., Respondents.

1. VILLAGES — PUBLIC IMPROVEMENTS — NOTICE — HEARING OF OBJECTIONS — DEED CURING DEFECT. Notice of a meeting of village trustees to hear objections to a proposed street improvement is not insufficient because specifying the "usual" place of meeting of the board instead of designating accurately the particular place of meeting, where there is a council chamber in which they usually meet, since it is fair to assume that in a country village persons interested in such proceedings could not be mislead by the general character of the notice; and, even if defective, it is a mere irregularity which is cured by the delivery

of a tax deed of premises assessed for the improvement, under chapter 191 of the Laws of 1892, relating to public improvements in the village of Tonawanda, and providing by section 7 that the deed shall be conclusive evidence that the proceedings were regular and valid.

2. NOTICE OF SALE — NEWSPAPER IS PUBLISHED WHERE FIRST ISSUED. A newspaper completely prepared for distribution in one village is not published in an entirely independent nearby village, although dated at both villages and brought over from the place of preparation and mailed in the other village for subscribers there, within the meaning of a statute requiring the publication of the notice of sale of lands for public improvement assessments in a newspaper published in such village, and, if there be none, in a newspaper published in the county and circulating in the village, since the place where a paper is first issued — given to the public for circulation — and not the place where it is subsequently distributed, is to control in determining the place of its publication.

3. REGULARITY. An objection to the regularity of the proceedings of a board of village trustees for the improvement of a street, on the ground that the act authorizing such proceedings gives the power to the village trustees and not to the board of trustees, will not be sustained, where the act sought to confer additional powers upon an existing board of trustees.

4. MEETING OF TRUSTEES — NOTICE TO MEMBERS — ADJOURNMENT. Further notice to village trustees of a meeting at which a public improvement is ordered is unnecessary, where such meeting is in pursuance of a regularly taken adjournment of a preceding meeting at which such improvement was considered and at which all the trustees were present so that they knew the time and place of adjournment.

*Vil. of Tonawanda* v. *Price,* 57 App. Div. 635, reversed.

(Argued May 15, 1902; decided June 10, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 14, 1901, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Norman D. Fish* for appellant. The power to make the improvement and impose the assessment was conferred upon the board of trustees and not on the trustees alone exclusive of the president. (*Smith* v. *People,* 47 N. Y. 330; *People* v. *Lacombe,* 99 N. Y. 43.) The meeting of April 27, 1892,

at which the improvement was ordered, was regularly had and the absent trustee had due notice thereof. (Dillon on Mun. Corp. [4th ed.] § 28; *Skadding* v. *Lovant*, 5 L. & Eq. 16; *People* v. *Rochester*, 5 Lans. 15; *Bank* v. *Dandridge*, 13 Wheat. 70; *Peterborough* v. *Lancaster*, 14 N. H. 382.) The notice of sale was properly published in the Buffalo *Courier*. (*Le Roy* v. *Jamison*, 3 Sawy. 386; *Haskell* v. *Bartlett*, 34 Cal. 281.) The deed sufficiently recited the proceedings in ordering the improvements and making the assessment. (*Chamberlain* v. *Taylor*, 34 Hun, 24; *People* v. *Haupt*, 104 N. Y. 377; Blackwell on Tax Titles [5th ed.], § 774.) The statute makes the deed conclusive evidence of the regularity and validity of the proceedings in ordering the improvement and making the assessment, except jurisdictional defects. (*Ensign* v. *Barse*, 107 N. Y. 329; *Joslyn* v. *Rockwell*, 128 N. Y. 334.) The statute, in so far as it makes the deed conclusive evidence of the regularity and due performance of everything except jurisdictional defects, is constitutional and valid. (*McCready* v. *Sexton*, 29 Iowa, 356; *Meigs* v. *Roberts*, 162 N. Y. 371; *Robinson* v. *Bank*, 48 Iowa, 358; *Martin* v. *Cole*, 38 Iowa, 141; *Kelly* v. *Hewell*, 20 Fed. Rep. 364; *Raley* v. *Guinn*, 76 Mo. 270; Cooley on Taxn. 522; Cooley on Const. Lim. 371; *Mart* v. *Hawthorn*, 30 Fed. Rep. 585; *Smith* v. *City of Buffalo*, 90 Hun, 118; *Allen* v. *Armstrong*, 16 Iowa, 508; *Scofield* v. *McDonald*, 47 Iowa, 129.) If the notice of meeting to consider objections to the improvement was insufficient because it did not sufficiently state the place of meeting, it was an irregularity and not a jurisdictional defect and is cured by the conclusive character of the deed. (*Williams* v. *Bd. of Suprs.*, 122 U. S. 154; *People* v. *Turner*, 117 N. Y. 227; Blackwell on Tax Titles [2d ed.], § 130; *People ex rel.* v. *Pitt*, 169 N. Y. 527.) If the notice of intention to make the improvement was not published in a newspaper printed in Tonawanda, as required by the statute, but in a newspaper printed in the village of North Tonawanda, it was an irregularity, not a jurisdictional defect, and is cured by the conclusive evidence of the deed.

(*Ensign* v. *Barse,* 107 N. Y. 329; *McCready* v. *Sexton,* 29 Iowa, 389; *People* v. *Turner,* 145 N. Y. 451; *Marsh* v. *N. P. Assn.,* 25 App. Div. 48; *Stuart* v. *Palmer,* 74 N. Y. 183; *Matter of De Puyster,* 80 N. Y. 565; *Spencer* v. *Merchant,* 125 U. S. 356; *Paulsen* v. *Portland,* 149 U. S. 30; Blackwell on Tax Titles, § 299; *State* v. *Rungen,* 41 N. J. L. 103; *State* v. *Helmer,* 2 Penn. St. 1059.)

*Fred J. Blackmon* for respondents.   The power to make the improvement and impose the assessment was given to the trustees of the village of Tonawanda, not to the board of trustees. (*Powell* v. *Tuttle,* 3 N. Y. 396; *People ex rel.* v. *Walker,* 23 Barb. 304.) The board, making the first installment payable " forthwith," not only changed the time of payment of the first installment, but fixed no other definite time of payment. (*Bennett* v. *F. Ins. Co.,* 67 N. Y. 274.) The notice of sale was not published in a newspaper published in such village as required by the statute. (*Rickets* v. *Vil. of Hyde Park,* 85 Ill. 110.)

BARTLETT, J.   This is an action of ejectment to recover the possession of real estate, located in the village of Tonawanda, under a tax title.

The plaintiff is a municipal corporation in the county of Erie, organized under the general act for the incorporation of villages, passed in the year 1870, and the acts amendatory thereof.

The legislature in 1892 (Laws of 1892, chap. 191) enacted " An act authorizing the village of Tonawanda, Erie county, to take lands necessary, and to lay out and improve or alter and improve public parks, grounds, streets, lanes, alleys and places therein."

Under this act the plaintiff, in the year 1892, paved Main street in the village of Tonawanda and assessed a portion of the expense upon abutting property.

The defendants were abutting owners and their property was duly assessed in the year 1893.   The assessment not being

paid in the year 1896 the property was sold under the provisions of this act, and in due time a deed was executed to the plaintiff.

This action was defended upon various grounds, the learned trial judge resting his decision upon two of them only, as follows : (1) The failure to specify the particular place where the trustees of the village would meet on May 10th, 1892, pursuant to the resolution adopted by them on April 27th, 1892, to hear and consider objections to the proposed improvement in the notice of such meeting. (2) That the Tonawanda *Herald* was published in the village of Tonawanda when the notice of sale on June 18th, 1896, was published in the Buffalo *Courier*.

As to the first ground, the notice of this meeting was to the effect that the board would meet to hear persons interested in the improvement at the *usual* place of meeting of the board of trustees on the 10th day of May, 1892, at 7 : 30 o'clock in the evening, to consider such objections, etc.

The specific ground of objection is that the notice should have indicated accurately the building and place in which the meeting would be held.

No testimony is printed in this record, both parties standing on the findings which are in the form of findings of fact and conclusions of law.

It appears from the findings that in another notice served, the validity of which is not now questioned, the trustees met at the council chamber in the post office building.

From the fact that there was a council chamber, in which the board of trustees met, it is fair to assume that in a country village persons interested in these proceedings could not be misled by the general character of the notice. Even if the notice is to be regarded as defective, it is a mere irregularity, which was cured by the delivery of the deed given under the tax sale to the plaintiff.

The act of 1892 provides, in section seven, that the deed " shall be conclusive evidence that the proceedings were regular and valid."

It is undoubtedly true that the legislature would have no power to provide that the deed should cure jurisdictional defects, but it is a common form of legislation to validate irregularities at the close of lengthy and complicated statutory proceedings.

We are of opinion that this notice was sufficient.

As to the second ground, that publication of the notice of sale on June 18th, 1896, was made in the Buffalo *Courier*, while the act of 1892 required it to be printed in a paper published in the village of Tonawands, if there was one, is invalid on the ground that such paper was published in the village of Tonawanda.

The notice of April 27th, 1892, for persons interested to appear before the board of trustees and make objections, if they had any, to the improvement, was published in a paper called the Tonawanda *Herald*. At that time this paper was published in the village of Tonawanda. In 1896, when it became necessary to publish the notice of sale, the situation was materially changed in regard to the place in which this newspaper was published.

The finding on this point in substance is, that prior to the time of this publication the Tonawanda *Herald* had discontinued its business in the village of Tonawanda and removed all type and forms to North Tonawanda, which is no part of the village of Tonawanda, and having a separate post office. The papers for the village of Tonawanda subscribers were brought over from North Tonawanda and mailed in the village.

It is further found as follows : " Said newspaper was dated at both Tonawanda and North Tonawanda, but the newspaper was completely prepared for distribution in North Tonawanda."

The trial court held that notwithstanding these facts the paper was, as matter of law, published in the village of Tonawanda, and the notice of sale should have been published therein and not in the Buffalo *Courier*.

We are of opinion that this decision was erroneous, and that the newspaper in question was not, as matter of law, published in the village of Tonawanda.

This point was decided in *Leroy* v. *Jamison* (3 Saw. 386, 9th circuit), in an opinion written by Mr. Justice Field of the United States Supreme Court. That was an action to recover the possession of certain real property in the county of Santa Barbara. The statute required that a certain notice must be published in a paper where the place of its publication was nearest the land involved in the litigation. It was as matter of fact published in a paper called the Santa Barbara *Gazette.* It appeared that this paper was printed in the city of San Francisco, several hundred miles distant from the county of Santa Barbara, and was sent down into that county for dis-. tribution. It was held that the place where a paper is first issued, that is, given to the public for circulation, and not the place where it is subsequently distributed, is to control in determining where it is published.

Mr. Justice Field said: " In one sense, a paper is published in every place where it is circulated, or its contents are made known. But it is not in that general sense that the language ' place of publication ' in the statute is used. That language refers to the particular place where the paper is first issued, that is, given to the public for circulation. Nearly all the great dailies published in the city of New York are distributed in different parts of the country. Large packages of these papers are daily made up and immediately transmitted to California, where the packages are opened and the papers distributed. A large number of them in this mode, no doubt, find their way to the county of Santa Barbara; yet it would do violence to our apprehension of the term to say that these papers are published in Santa Barbara in the sense of the statute. No one so understands the term in ordinary parlance and it is not used in the statute in any technical sense."

We regard this as a correct exposition of the law of publication, and hold that the notice of sale, as published in the Buffalo *Courier*, was regular.

There were seven other grounds taken at the trial attacking the regularity of these proceedings. We do not deem it necessary to discuss them in detail. We have given them

careful examination and are of opinion that the proceedings must be sustained.

A number of these grounds were exceedingly technical, showing that the defendants were seeking to defeat in this way what seems to have been the exercise of ordinary powers vested in the village authorities to pave the streets and make other improvements necessary in the interests of the community.

The first ground of objection was that the act of 1892 gave the power to proceed thereunder to the village trustees and not to the board of trustees. The act sought to confer additional powers upon an existing board of trustees, and while it might have been more accurately worded, the court having power to construe the statute would not, under the circumstances, sustain an objection of this character.

The second objection is to the effect that all the trustees did not attend the meeting held on April 27, 1892, when the improvement was ordered, and no proof was made that a notice of such meeting had been given to the absent trustees.

It appears that one trustee was absent from this meeting, but it is also found that on April 19th, 1892, all the trustees were present at a meeting when the matter of the improvement was under consideration, and that meeting was adjourned to April 26th, 1892, where the matter of improvement was further considered, all being present, and a further adjournment taken until the evening of April 27th, 1892.

All the trustees being present at a regular meeting, where a given subject is under consideration, and an adjournment having been regularly taken until a future evening, no further notice is necessary to the trustees. The object of the notice is to apprise the trustees of the time and place of the meeting, and if they are already possessed of this information a further notice is uncalled for.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

Parker, Ch. J., Gray, O'Brien, Haight, Martin and Vann, JJ., concur.

Judgment reversed, etc.