## FOXWORTH-GALBRAITH LUMBER COMPANY V. W. A. TURNER ET AL.

No. 5846.  Decided February 24, 1932.
(46 S. W., 2d Series, 663.)

*Underwood, Johnson, Dooley & Simpson,* of Amarillo, for appellant.

Upon the proposition that the trial court erred in sustaining the general demurrer against plaintiff's pleading because a good cause of action was made out and stated by plaintiff's allegations in substance, the appellant cites:  Boutelle v. Smith, 116 Mass., 111; Counts v. Medley, 146 S. W., 465; Duffy v. Shockey, 11 Ind., 70; French v. Parker, 16 R. I., 219; Richardson v. Peacock, 33 N. J. Eq., 597; Skaggs v. Simpson, 110 S. W., 251; Smith v. Martin, 80 Ind., 265; 2 Elliott on Contracts, sec. 850.

*Bills & Hazel,* of Littlefield, for appellee.

The trial court did not err in sustaining the general demurrer filed by appellees to the petition of appellant, for the reason that the allegations of said petition did not constitute a good cause of action against said appellees. Sheehan v. Sheehan-Hackley & Co., 196 S. W., 665; Sterne v. State, 20 Ala., 43; Parkhurst v. Brock, 72 Vt., 355; Batchelder v. Standard Plunger El. Co., 227 Pa., 201, 75 Atl., 1090; Hoagland v. Segur, 38 N. J. L., 230.

MR. JUDGE LEDDY delivered the opinion of the Commission of Appeals, Section B.

The Honorable Court of Civil Appeals for the Seventh Supreme Judicial District presents the following certificate and question:

"The appellant instituted this suit against the Turner-Brewer Lumber Company and made W. A. Turner and Mike Brewer, officers and managers, parties to the suit. The purpose of the action was to enjoin the defendants from engaging in the lumber business within a radius of ten miles from the town of Littlefield and to recover $2,000.00 stipulated damages with thirty per cent of the gross proceeds and interest on sales made by the defendants in violation of a certain contract made between the parties, the terms of which are set out in the pleading.

"The material allegations are that on and prior to Oct. 9, 1929, the defendants were engaged in the retail lumber and building supply business at Littlefield. That the defendants owned certain real estate and the improvements thereon in which their main office was situated. That through its said managing officers Turner and Brewer, the defendant company proposed to sell to plaintiff the real estate, fixtures, lumber, stock of building materials and supplies constituting the said business, together with the good will thereof, and that such sale was consummated and the consideration for the conveyance paid in money. That by the terms of the written contract of sale, the defendants covenanted for the period of ten years not to engage, either directly or indirectly, in the business of selling lumber, cement, paint, or other builders supplies at Littlefield, Texas, or at any place within a radius of ten miles thereof and further covenanted that during said period they would not ship or cause to be shipped or have any part in shipping to the said town of Littlefield or into said territory, any such building materials in carload lots for any purpose nor in

local shipments for resale, upon the pain and penalties of certain liquidated damages therein stipulated, subject also to full reserved injunctive relief. That said covenants and obligations were assumed and adopted individually by the defendants W. A. Turner and Mike Brewer.

"A breach of the covenant is charged by the allegation that within a short time after such sale was concluded, the said selling company, through its said officers, opened a place of business at Anton, Texas, about twelve miles from Littlefield, and began selling lumber and other materials and conducting the same character of business which they were carrying on at Littlefield at the time they sold out to plaintiff. That such business was opened at Anton, Texas, as a subterfuge and with the intent and purpose on the part of all the defendants that such place of business would be used and conducted as a base from which to sell lumber and other building materials to purchasers living within and buying same for use within the city of Littlefield and surrounding territory within a radius of ten miles thereof. That since such place of business was opened at Anton, the defendants have repeatedly and knowingly sold lumber and other building materials to purchasers residing within the restricted area and intended for use therein and have shipped such materials to purchasers therein or have delivered same to such purchasers, well knowing that the material was to be carried into said area and there used in construction work and various purchasers of such materials are named in plaintiff's pleading. It is further alleged that the defendant Mike Brewer, since the sale of said business at Littlefield, Texas, has spent a large part of his time in said city and had been and still was soliciting business and seeking customers living within the said prohibited area to purchase lumber and other building material from the said Turner-Brewer Lumber Company, to be supplied from its said stock of goods kept at Anton, Texas, and that some of said solicited parties thereupon purchased such goods from said Company.

"The Court sustained the defendants' general demurrer to the petition and the plaintiff declining to amend, the action was dismissed.

"The paragraph in the written contract of sale upon which the action is based, is as follows:

" 'The said Turner-Brewer Lumber Company, severally and individually, to protect the good will hereby sold and transferred, and as a material inducement to the buyer to purchase said property and business, contracts and covenants that FOR

THE FULL PERIOD OF TEN YEARS, FROM the date hereof, they will not engage, either directly or indirectly, as principal or on their own account, either solely or jointly with others, or as stockholders in any corporation or joint stock association, in the business of selling lumber, cement, paint or other building supplies, or any such goods or merchandise, at Littlefield, Texas, or any place within a radius of ten miles thereof, nor for the same period in said town and territory lend their credit or money for the purpose of establishing or operating any such business or furnish quarters, or give advice, either directly or indirectly, to any third person, firm, joint stock association or corporation, engaged or engaging in said business, or any branch thereof, nor will they during said period ship or cause to be shipped or have any part in shipping to the said town of Littlefield, Texas, or into said territory, any such building materials in carload lots for any purpose, nor in local shipment for resale, and having regard to the fact that it would be difficult and impracticable to calculate and ascertain accurately and definitely the damages the Buyer would sustain from a breach by Seller, of any of the foregoing covenants, the parties do hereby assess and fix as liquidated damages for any such breach the sum of $2,000.00, plus thirty per cent of the gross proceeds of all goods dealt in and sold in any manner constituting or related to a violation of the terms hereof, and/or plus twenty per cent of the purchase price of all goods dealt in contrary hereto, otherwise than by sale, during the time such breach continues; and in case of such breach the Seller agrees to pay, and the Buyer shall be entitled to recover said liquidated damages from the Seller, their heirs, executors, administrators, assigns, or successors, but without prejudice to the concurrent or alternative resort to any other appropriate legal remedy by injunction, or otherwise; and said foregoing covenants and stipulations shall run in favor of the heirs, successors and assigns of the Buyer, provided that in case any of the foregoing restrictions may be held to be invalid, same shall be deemed, and it is hereby agreed that the same are meant to be severable, and shall not defeat the remaining provisions and covenants.'

"The case is before us upon the single proposition that the Trial Court erred in sustaining defendants' general demurrer to the petition.

"So far as we have been able to ascertain, no case decided in Texas has settled the main question raised by the demurrer, which we conceive to be: do the acts charged against defendants as constituting a breach of the contract entitle the plaintiff to

an injunction under the terms of the restrictive covenant forbidding the defendants to engage in the designated business within the radius of ten miles from Littlefield?

"The members of the Court have not agreed with reference to the sufficiency of the petition as against a general demurrer and since the question is a novel one in Texas, we deem it advisable to certify to Your Honors the following question:

"Did the Trial Court err in sustaining the defendant's general demurrer to the Plaintiff's petition and dismissing the case?"

It is thoroughly established by all the authorities that a person may purchase the business of another, for the purpose of removing competition, with an agreement on the part of the seller, not to carry on a similar business in a given territory for a limited period of time. Covenants of this nature are designed to enable the buyer to obtain the full value of the good will which he has paid for as a part of the consideration of his purchase.

Appellees would limit the effect of their covenant not to directly or indirectly engage in the character of business which they have sold to appellant to bar them from selling from an established place of business within the prescribed area, but not to prevent them from locating a place of business within a short distance of such territory, and selling to any of their former customers residing therein.

This narrow construction of the contract would operate to defeat the clearly expressed intention of the parties to transfer the good will of the business purchased. Appellees should not be allowed to do that which, if done, will defeat in part the effectiveness of such sale.

In selling their business to appellant, appellees covenanted that they would not directly or indirectly engage in the business of selling lumber, cement, paint, or other building supplies within the city of Littlefield and surrounding territory within a radius of ten miles thereof. The purpose of such covenant was to render effective the good will which appellant, under the contract, was buying and paying for. When such a covenant has been made, any conduct on the part of the seller of the good will, reasonably calculated to impair its advantages, clearly constitutes a breach of the promise that the seller will not disturb the purchaser in the full enjoyment of his purchase. Hall's Appeal, 60 Pa., 458, 100 A. D., 584; Knoedler v. Boussod, 47 Fed., 465; Kyle v. Perfection Mattress Co., 127 Ala., 39, 5 L. R. A., 628.

The right of a person, making a covenant similar to that here involved, to establish a place of business in close proximity to the prescribed territory and sell his goods from such place of business to former customers residing within the territory has never been directly passed upon by the courts of this state.

In upholding covenants of this character the English courts not only prohibit the person making such a covenant from actively soliciting business within the prescribed district, but extend the rule to the point of prohibiting the doing of any business within the prescribed area, irrespective of whether it is obtained by solicitation. Hadsley v. Dayer-Smith, L. R. A. C. (1914), 179; Ann. Cas., 1915A, 379; Brampton v. Beddoes, 13 C. B. N. S., 538, 106 E. C. L., 538.

It appears to us that the doctrine announced by the English courts in this respect is supported by the soundest reasons. It has been approved and followed by a number of the American courts. In the case of Love v. Stidham, 18 App. Cas., D. C., 306, the defendant was held responsible for serving customers within the prescribed limits, although he had no residence, shop, or place of business therein.

The Court of Appeals of New York has declared a similar rule. In the case of Sander v. Hoffman, 64 N. Y., 248, that court held erroneous the trial court's charge wherein it limited the operation of a covenant of this nature so as to restrain the defendant merely from soliciting the patronage of customers within the district. In deciding this question, the court said:

"The effect of these instructions to the jury was so to limit the operation of the covenant as to restrain the defendants merely from soliciting the patronage of customers within the district, and leave them at liberty to carry on business there to any extent, by sending their wagon daily to houses in the district, receiving orders there and delivering the provisions ordered, provided, the original proposition so to deal proceeded from the customer and not from the defendants. Such a construction of the covenant would, in our judgment, entirely defeat the purpose for which it was taken and, substantially, deprive the plaintiffs of the protection which it was intended to afford them, and in consideration of which they had bought and paid for the good-will of the defendants' business. The business of supplying the inhabitants of the district with meat, provisions, etc., and sending to their dwellings to receive orders, was the very business which the plaintiff purchased.

"If the defendants were at liberty to carry on the same business, naturally their old customers, and those to whom they

were known by reputation, would prefer dealing with them to employing the new concern. * * * It was this very goodwill—the disposition of the inhabitants of the district to deal with the defendants—which they undertook to sell to the plaintiffs. The covenant of the defendants bound them to do more than refrain from soliciting patronage. It bound them not to carry on the business within the prescribed district, and if applied to for that purpose, it was their duty to decline on the ground that they had covenanted not to do so."

The case of Counts v. Medley, 163 Mo. App., 546, 146 S. W., 465, involved a similar question. There the defendant in selling his business to the plaintiff covenanted not to engage in the produce business in the town of Rogersville. Subsequently he established such a business within a short distance of such town and was actively engaged in purchasing produce from his old customers in the adjacent territory. Under this state of facts it was held proper to enjoin him from carrying on such business in this particular territory, notwithstanding his place of business was located without the prescribed area. The court observed that from the testimony before them it was apparent that the defendant was in open competition with plaintiff to the same extent and in the same manner as if his store had been located within the prescribed district.

The contract made by the parties in this case specifically recites that the purchase of the good will of appellees was a material inducement of appellant's purchase, and that both parties are desirous of protecting the good will so transferred and assigned. We must assume that the parties executed this contract in good faith, fully intending that the purchaser should receive and enjoy all of the privileges which he had bought and paid for in the purchase of the business. To determine that appellees' conduct in setting up a business in close proximity to the prescribed area and selling to persons living therein is not a breach of their contract not to directly or indirectly engage in such business in said territory, would be to permit appellees to substantially impair the value of the good will for which they have been fully compensated. It would render ineffective the manifest purpose of the parties to give appellant the advantage of selling to appellees' former customers free from competition upon the part of the appellees.

It will be noted that the contract, in addition to prohibiting appellees from engaging in such business within the designated area, contained this provision:

"Nor will they during said period ship or cause to be ship-

ped or have any part in shipping to the said town of Littlefield, Texas, or into said territory, any such building material in carload lots for any purpose, nor in local shipment for resale."

Appellees insist that this provision is descriptive of the character of business sought to be prohibited within the designated area, and is therefore exclusive. We think that instead of this provision being designed to exclusively describe the character of sales prohibited under the contract, its evident purpose was to broaden the scope of the business which was sought to be prohibited within the defined area. In other words, it was designed to prohibit sales which might not come strictly within the terms of the former provisions, and to prevent an evasion of such provisions.

If we should give this provision the construction contended for by appellees, it would place the parties to this contract in the inconsistent position of having agreed by the strongest character of language to make effective the good will purchased, and then by subsequent language to render the same wholly ineffective. This contract will not be given this unreasonable construction when its provisions are reasonably and fairly susceptible of an interpretation which will carry into effect the manifest intention of appellees to make an effective sale of the good will of their business.

It is our view that any sale of building material made by appellees, with knowledge of the fact that the person purchasing same resides within the prescribed area, or desires to use said material therein, would constitute such a breach of the sales contract as entitles appellant to injunctive relief.

It follows that the question certified must be answered in the affirmative, and it is so recommended.

Opinion answering certified question adopted and ordered certified.

C. M. CURETON, Chief Justice.