PRICE v. MILLER.

No. 3586.

Court of Civil Appeals of Texas. El Paso.

Dec. 30, 1937.

Rehearing Denied Jan. 20, 1938.

Perkins & Perkins and Thomas Shearon, all of Rusk, for appellant.

Ray H. Odom, of San Antonio, and Guinn & Guinn, of Rusk, for appellee.

HIGGINS, Justice.

Quanah Price and Elton L. Miller were partners, printing and publishing a newspaper (The Rusk Cherokeean) and doing all kinds of job printing at Rusk, in Cherokee county. Miller bought from Price the latter's half interest in the business, together with the good will thereof. The contract provides: "And for the consideration before mentioned, I, Quanah Price, have agreed that I will not either directly or indirectly, carry on the business of printing and/or publishing a newspaper, and/or job printing within a distance of ten (10) miles of Rusk, Texas, during the term of five (5) years from this date; and that I, Quanah Price, will not within said term, solicit the business of the Rusk Cherokeean from its past customers for work done in and around Rusk, Texas, or induce, prevail upon or attempt to induce or prevail upon any of the former customers of the Rusk Cherokeean, not to deal with or discontinue his, her, their or its dealing with the said Elton L. Miller during the term hereof."

Miller brought this suit against Price alleging a breach of the covenant above mentioned, and sought to recover actual damages in the sum of $276.90, exemplary damages in the sum of $5,000, and for an injunction restraining the defendant from publishing and circulating the Jacksonville Journal in Rusk and within a vicinity of 10 miles of Rusk, and to enjoin the defendant from violating the covenant above mentioned in other particulars specified in the petition.

Upon trial without a jury, the court rendered judgment in Miller's favor for actual damages in the sum of $268.44, and permanently enjoined the defendant substantially as prayed. From this judgment Price appeals.

Exemplary damages are not ordinarily recoverable for breach of contract. 13 Tex.Jur. Damages, 135. The petition in this case alleges no facts which will take the case out of the general rule stated. It follows such petition states no cause of action for the recovery of exemplary damages. The petition, however, states a cause of action for $276.90, as actual damages, and for the injunctive relief sought. Appellant first presents the proposition that in this situation the district court was without jurisdiction of the suit, for the only damages recoverable under the petition was the sum of $276.90. The petition does not state the value of the covenant which it is sought to protect by injunctive relief. Therefore, the county court was without jurisdiction to grant the equitable relief sought, and jurisdiction thereof was vested in the district court. 24 Tex.Jur. Injunctions, 114; Cotton v. Rhea, 106 Tex. 220, 163 S.W. 2; De Witt County v. Wischkemper, 95 Tex. 435, 67 S.W. 882.

The Jacksonville Journal is printed at Jacksonville, about 14 miles from Rusk. It is printed, issued, and distributed from Jacksonville. The trial court held that its circulation at Rusk and within 10 miles thereof contituted a publication in that territory, within the meaning of the covenant, and a violation thereof.

In this ruling the court erred. The authorities cited by appellee in this connection are libel cases and not in point.

The words "publishing a newspaper" are to be given their common or ordinary meaning when used with reference to the printing, issuance, and distribution of a newspaper to the public. Age-Herald Pub. Co. v. Huddleston, 207 Ala. 40, 92 So. 193, 195, 37 A.L.R. 898; State v. Bass, 97 Me. 484, 54 A. 1113; Village of Tonawanda v. Price, 171 N.Y. 415, 64 N.E. 191.

The covenant does not preclude appellant from accepting unsolicited subscriptions, advertising, and other business from persons living in Rusk and within 10 miles thereof.

We deem it unnecessary to consider the other propositions submitted. The alleged errors to which they refer arise out of the basic error of the court in holding the evi-

dence shows a publication of the Journal in the territory prohibited by the covenant.

With this error corrected, the other questions presented pass out of the case.

Reversed and remanded.