William J. COLLEN, d/b/a Computer Career Resources, Appellant,

v.

SOURCE EDP, TEXAS, INC., Appellee.

No. 16153.

Court of Civil Appeals of Texas, San Antonio.

Nov. 29, 1978.

Rehearing Denied Dec. 27, 1979.

Mark A. Schwartzman, San Antonio, for appellant.

Geary, Stahl, Rohde & Spencer, Gerald P. Urbach, Timothy Blakeley, Dallas, Soules & McCamish, Inc., James E. Ingram, San Antonio, for appellee.

OPINION

KLINGEMAN, Justice.

This is an appeal from an order granting a temporary injunction. Appellee, Source EDP, Texas, Inc., brought suit against appellant, William J. Collen, doing business as Computer Career Resources, seeking to enforce the terms of a covenant not to compete and to enjoin appellant from further violations of the covenant. After a full evidentiary hearing, the trial court granted the temporary injunction and temporarily restrained and enjoined appellant from (a) direct or indirect phone or mail solicitation of personnel placement business within the City of Dallas and a 100-mile radius thereof; (b) advertisement of the availability of personnel placement services in media published primarily in the proscribed area; (c) direct or indirect solicitation of personnel placement services through other personnel placement businesses; and (d) direct or indirect engagement as a sole proprietor, partner, stockholder, employee, or otherwise, in any personnel placement business in the Dallas area.

Appellant will sometimes hereinafter be referred to as Collen and appellee as Source.

The restrictive covenant here involved is contained in an employment agreement dated January 24, 1969, between Collen and Source and provides as follows: "Upon termination of my employment, I shall not, for a period of two (2) years, either directly or indirectly, enter into or be engaged as a sole

proprietor, partner, stockholder, or employee in any personnel placement business in the City of Dallas, and within a 100-mile radius thereof."

Collen worked for Source from approximately January 24, 1969, until his resignation on January 2, 1978, and during this period of time was continuously employed in the Dallas office of Source. During the last four years of his employment he was manager of the Dallas office, received specialized training and experience in the field of personnel recruiting and was privy to proprietary information of appellee which concerned procedures, clients, applicants, and the market for its services generally. Approximately three months after his resignation, Collen organized an enterprise in San Antonio for the purpose of engaging in the personnel placement business. After commencement of his business, Collen engaged in activities which included (1) solicitation of personnel placement business by letter from one of Source's past and present clients, the Dr. Pepper Company in Dallas, and from at least one hundred past and present clients of Source in the Dallas area; (2) advertising in a newspaper in Dallas and intended for distribution in Dallas and its surrounding area, which advertisement boasted of the experience Collen gained while in Source's employ; (3) making arrangements with a computer personnel placement firm in Minneapolis to service that firm's personnel placement business in the Dallas area; (4) contacting by telephone past and present clients of Source in the Dallas area; (5) making forty per cent of the initial placement of his new business in Dallas with a firm that is a client of Source; and (6) writing a letter to a client of Source evidencing his intention to continue servicing customers and otherwise soliciting computer personnel placement business in Dallas and within a 100-mile radius thereof.

Appellant's sole point of error is that the trial court abused its discretion in granting a temporary injunction which enjoins him

from actions which are not prohibited by the restrictive covenant entered into between the parties. Appellant's basic contentions may be summarized as follows: (a) the injunction is too broad; (b) restrictive covenants are to be strictly construed and should be interpreted in favor of the employee's freedom to compete against the employer; (c) a proper construction of the restrictive covenant here involved is that it only restrained him from physically establishing a business in the proscribed area. He argues in effect that because his present physical office is located outside the restricted area none of his activities constitute, directly or indirectly, engagement in any personnel placement business in the restricted area. Collen, for the purpose of this appeal, agrees that the facts found by the trial court are undisputed.[1]

■ Appellate review of an order granting or denying a temporary injunction is strictly limited to determination of whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order. *State v. Southwestern Bell Telephone Company,* 526 S.W.2d 526 (Tex.1975); *City of Spring Valley v. Southwestern Bell Telephone Company,* 484 S.W.2d 579 (Tex.1972); *State v. Cook United, Inc.,* 464 S.W.2d 105 (Tex. 1971); *Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460 (1952).

Appellant relies heavily on *Price v. Miller,* 112 S.W.2d 761 (Tex.Civ.App.—El Paso 1937, writ dism'd). In *Price,* the evidence established that the contact between the covenantor and certain newspaper customers, subscribers and advertisers residing in the restricted area was unsolicited and that the actions allegedly in violation of the covenant occurred outside the area covered by the covenant and merely had an incidental effect within the restricted area. Unlike *Price,* the case before us involves active solicitation by the covenantor in the restricted area. Appellant's reliance on *Price*

1. The order of the trial court contains extensive fact findings, the essence of which is heretofore summarized in this opinion.

is misplaced, and we do not consider such decision controlling.

The case of *Foxworth-Galbraith Lumber Co. v. Turner,* 121 Tex. 177, 46 S.W.2d 663 (Tex.Com.App.1932, opinion adopted) is more in point. In *Turner,* the covenantor in a contract of sale agreed not to engage, either directly or indirectly, in the business of selling lumber or other building supplies at Littlefield, Texas, or within a radius of ten miles thereof for a period of ten years. Soon after entering into this agreement, the covenantor opened a lumber business at Anton, Texas, which was approximately twelve miles from Littlefield, and thereafter repeatedly sold lumber and other building materials within the restricted area. The question before the court was whether the acts charged against defendant as constituting a breach of the contract entitled the plaintiff to an injunction under the terms of the restrictive covenant forbidding the defendant to engage in the designated business within a radius of ten miles from Littlefield. In answering that question in the affirmative, the Commission of Appeals stated:

It is our view that any sale of building material made by appellees, with knowledge of the fact that the person purchasing same resides within the prescribed [sic] area, or desires to use said material therein, would constitute such a breach of the sales contract as entitles appellant to injunctive relief.

*Id.* at 666.

 Appellant's contention herein that he is not violating the restrictive covenant because his physical place of business is not within the proscribed area is addressed in *Hartung v. Hilda Miller, Inc.,* 77 U.S.App. D.C. 164, 133 F.2d 401 (1943). There the court was confronted with a situation in which the covenantor had agreed not to engage in the furniture business in the District of Columbia. During the life of the covenant, the covenantor opened a furniture store in Silver Spring, Maryland, some three or four miles from the District of Columbia. Following the opening of such business, the covenantor placed advertisement in a Silver Spring newspaper and in a Washington, D. C. newspaper, advertising its new business establishment. The question before the *Hartung* court was whether, having moved the physical location of his business from the restricted area, the covenantor could undertake unrestricted business activities in the area covered by the covenant. In answering the question in the negative, the court concluded:

Perhaps some activity in a prohibited area may be so slight and casual [citation omitted], or so nearly inevitable, an incident of business in a permitted area that it should not be enjoined. No doubt appellant might properly advertise in a Silver Spring paper, although a few copies might find their way into the District. But acts which appellant does or causes to be done in the District may be violations of her covenant despite the fact that they are normal incidents of a business in Silver Spring. In general, and subject to exceptions which cannot be sharply defined, we think the covenant means at least this, that appellant will not do or cause others to do, within the District, acts which she intends to result in sales of furniture to District residents for District use [citation omitted].

*Id.* at 402.

Appellant's contentions are without merit. The trial court did not abuse its discretion in granting the temporary injunction.

The judgment of the trial court is affirmed.