■ In the Matter of SAVE THE PINE BUSH, INC., et al., Appellants, v CITY ENGINEER OF THE CITY OF ALBANY et al., Respondents. [632 NYS2d 243] Cardona, P. J. Appeal from a judgment of the Supreme Court (Harris, J.), entered June 20, 1994 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as untimely.

On August 6, 1992, respondent City of Albany Planning Board granted site plan approval of construction of an office building located within what is referred to as the Pine Bush area in respondent City of Albany. The Planning Board's approval was conditioned on the construction of a road (hereinafter Loop Road) in order to mitigate traffic congestion. A grading permit to construct Loop Road was thereafter requested and, on April 30, 1993, respondent City Engineer granted the application.

Petitioners commenced this CPLR article 78 proceeding by petition verified August 29, 1993. Petitioners alleged, *inter alia*, a failure of the Planning Board in the site review process and/or the City Engineer in issuing the grading permit to properly consider Loop Road and comply with the provisions of the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA). Petitioners sought invalidation of the site plan approval and of the grading permit insofar as they pertained to Loop Road and also sought an injunction precluding further construction or any other action for Loop Road until there had been compliance with SEQRA and General Municipal Law § 239-m. Respondents moved to dismiss on the grounds of, *inter alia*, timeliness and mootness. By decision dated June 15, 1994, Supreme Court determined that the focus of petitioners' challenge was to the August 6, 1992 site plan approval and not the April 30, 1993 issuance of the grading permit. Therefore, because the suit was not commenced within four months of the date of the site plan approval (*see*, CPLR 217), the court dismissed the petition as untimely. This appeal by petitioners followed.

The appeal is dismissed, in part, on the ground of mootness. It is undisputed that Loop Road has been completed. The grad-

ing permit was issued on April 30, 1993 and the City Engineer certified Loop Road as complete and acceptable for municipal street purposes as of September 20, 1993. Petitioners, however, did not seek any injunctive relief until they filed their petition, dated August 29, 1993. It appears that Loop Road was well under construction at that time. In view of petitioners' failure to timely safeguard their interests by promptly seeking an injunction, the proceeding is barred by the doctrine of laches and rendered moot (*see, Matter of Bytner v City of Albany Bd. of Zoning Appeals*, 211 AD2d 1000; *Matter of Caprari v Town of Colesville*, 199 AD2d 705). Petitioners claim that the matter is not moot because their requested relief was for an injunction directing the physical removal of Loop Road instead of requesting that it not be built in the first instance. We do not agree. As we have previously noted, "[d]elay in instituting legal proceedings to enforce what one perceives to be a recognized right, particularly in the area of zoning and its allied concerns such as planning * * * can result in denial of relief because of laches" (*Matter of Friends of Pine Bush v Planning Bd.*, 86 AD2d 246, 248, *affd* 59 NY2d 849). The form of relief requested should not serve to mitigate a failure to promptly protect a party's claimed interests.

Petitioners also contend that the proceeding is not moot insofar as their petition sought to enjoin acceptance of Loop Road as a City street. Supreme Court did not address this issue. Initially, we note the very tangential manner in which this issue was raised in this proceeding. In addition, even if it is accepted that the question of Loop Road's acceptance as a City street is not moot, we note that petitioners commenced a separate proceeding specifically addressing this issue. A decision in that case was recently made (*see, Matter of Pine Bush v Common Council*, Sup Ct, Albany County, July 14, 1995, Keegan, J.), and is the subject of a separate appeal to this Court. Therefore, under these circumstances, that part of this proceeding is dismissed as well.

In light of our conclusions, it is not necessary to address the parties' remaining arguments raised on this appeal.

Mikoll, Mercure, White and Casey, JJ., concur. Ordered that the appeal is dismissed, without costs.