[650 NYS2d 870]

In the Matter of SAVE THE PINE BUSH, INC., et al., Respondents-Appellants, v COMMON COUNCIL OF THE CITY OF ALBANY, Appellant-Respondent, and COLUMBIA EXECUTIVE III ASSOCIATES, Respondent.

Third Department, December 5, 1996

### APPEARANCES OF COUNSEL

*Vincent J. McArdle, Jr., Corporation Counsel* of City of Albany *(Thomas A. Shepardson* of counsel), for appellant-respondent.

*Lewis B. Oliver, Jr.,* Albany, for respondents-appellants.

*Miller, Mannix & Pratt, P. C.,* Glens Falls *(Jeffrey J. Friedland* and *Mark Schachner* of counsel), for respondent.

### OPINION OF THE COURT

MERCURE, J.

Columbia Circle Drive (formerly referred to as Loop Road) is a roadway within Columbia Office Park, a commercial building project located in the Pine Bush section of the City of Albany. The Columbia Office Park project and Columbia Circle Drive have already been the subject of considerable environmental review and litigation. Most recently, this Court dismissed an appeal from a judgment of Supreme Court dismissing a CPLR article 78 proceeding brought to annul the permit to construct Columbia Circle Drive. The petition in that proceeding alleged, *inter alia,* a failure of the Albany City Planning Board (in its site review process) and the Albany City Engineer (in issuing a grading permit) to comply with the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]; *Matter of Save the Pine Bush v City Engr. of City of Albany,* 220 AD2d 871, *lv denied* 87 NY2d 807).

In the present proceeding, petitioners attack Ordinance No. 35.101.93 (hereinafter the ordinance), adopted by respondent Common Council of the City of Albany (hereinafter respondent) in December 1993, wherein respondent accepted a dedication of Columbia Circle Drive as a City street. The petition alleges that the ordinance is invalid and null and void because (1) in enacting the ordinance by a vote of 8 to 4, respondent did not comply with the requirement of Albany City Charter § C-95 that the taking of real property for public purpose or use be effected by a vote of two thirds of all of respondent's members, (2) in the absence of notice or a public hearing with regard to its acceptance and dedication, Columbia Circle Drive has not been added to the official map of the City of Albany, (3) no legal grade has ever been established for Columbia Circle Drive, and (4) respondent enacted the ordinance without conducting mandated SEQRA review. Supreme Court agreed with petitioners' initial contention and declared the ordinance to be null and void because of respondent's failure to enact it

by the two-thirds vote required by Albany City Charter § C-95. Supreme Court dismissed the balance of petitioners' causes of action and their prayer for a permanent injunction requiring the physical removal or abandonment of Columbia Circle Drive. The parties cross-appeal.

Turning first to respondent's appeal, it is our view that Supreme Court erred in its legal conclusion that Albany City Charter § C-95 applied in this case. As relevant to the issues to be considered on this appeal, Albany City Charter § C-95 provides: "It shall be lawful for [respondent], whenever it shall deem it necessary, by a vote of two-thirds of all the members elected to [it] * * * to *take* within the city any ground or real estate with the appurtenances, belonging to any person or persons or corporation, for the purpose of laying out, opening, extending, straightening, widening or altering any street, road [or] avenue * * *. Provided no ground or real estate shall be taken under this act for the laying out, extending or opening of any street or avenue, unless a petition asking for the same shall have been presented to [respondent], duly signed and acknowledged by one or more persons owning not less than one-third of the number of feet fronting on said proposed street or avenue" (emphasis supplied). Petitioners give the emphasized word "take" an expansive construction, to encompass all forms of acquisition other than by user. Respondent, on the other hand, limits the word to a taking by condemnation. We agree with respondent's construction.

First, although there is very little law on the issue, respondent appears to be correct in its assertion that, barring a contrary charter provision, it could have accepted the dedication of Columbia Circle Drive by "any official act on [its part] which treated it as a street and showed an intention to adopt it as one of the public streets of the city" (*Matter of Hunter [City of Albany]*, 163 NY 542, 548). As such, no ordinance or resolution was required (*see, supra*, at 548). In fact, pursuant to Second Class Cities Law § 103, it appears that the actual acquisition was to be effected by the City's Commissioner of Public Works, and there is no question that the City Engineer approved the road for acceptance.

Second, even if respondent was required to accept the dedication by legislative enactment, the general rule is that a city enacts legislation by means of an ordinance passed by a simple majority of the members of its common council (Second Class Cities Law § 35). Although, as argued by petitioners at some length, a city may supersede provisions of the Second Class

Cities Law by local law or charter (*see*, NY Const, art IX, § 2 [c] [ii] [6]), to the extent that Albany City Charter § C-95 and its requirement of a supermajority imposes a burden in excess of that otherwise existing under the common law or by virtue of Second Class Cities Law § 35, a statute of general' application, it is not to be expansively construed (*see*, McKinney's Cons Laws of NY, Book 1, Statutes §§ 301, 397).

In light of the foregoing, we are not persuaded that the word "take" as used in Albany City Charter § C-95 is properly construed to encompass the City's mere acceptance of a dedication of real property for a street. The fact that the same word is used in a more expansive sense in various statutes *(e.g.,* Second Class Cities Law § 3 [2]; General City Law § 20 [3]) enacted by the Legislature strikes us as meaningless. Further, the subsequent language of Albany City Charter § C-95, containing the proviso that no such property be taken "for the laying out, extending or opening of any street or avenue" in the absence of a petition of the owners of at least one third of the number of feet fronting on the proposed street or avenue, strongly supports respondent's construction. In fact, it appears that petitioners' interpretation of Albany City Charter § C-95 would render this provision meaningless.

Petitioners' cross appeal is lacking in merit and does not warrant lengthy discussion. First, petitioners having failed to contest the dismissal of the second cause of action of their petition, alleging a violation of General City Law § 29, the claim encompassed therein is deemed abandoned. Second, the grade of Columbia Circle Drive was reviewed and approved by the City Engineer, whose recommendation was accepted by respondent. In our view, this procedure satisfied the requirement of Second Class Cities Law § 99 that the grade of a street not be fixed except by the common council. Finally, we agree with Supreme Court's rejection of petitioners' SEQRA challenge. Extensive environmental review preceded the issuance of a permit for the construction of Columbia Circle Drive, which was actually recommended and approved as a mitigation measure. Respondent's subsequent acceptance of the approved and completed roadway did not constitute a type I action (*see*, 6 NYCRR 617.4, 617.5).

CARDONA, P. J., MIKOLL, CREW III and PETERS, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by dismissing the petition in its entirety, and, as so modified, affirmed.