■ In the Matter of RALPH R. MARTINELLI, Doing Business as HOME NEWS AND TIMES, Respondent, v JOAN C. DEIERLEIN, as City Clerk of the City of Yonkers, et al., Respondents, and WESTFAIR COMMUNICATIONS, INC., et al., Appellants. [719 NYS2d 712] —In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Common Council of the City of Yonkers dated January 11, 2000, which, inter alia, designated the "Westchester Business Journal" as the official weekly newspaper of the City of Yonkers, and an action for a judgment declaring that the designation of the "Home News and Times" as the official weekly newspaper of the City of Yonkers

made on January 2, 1998, continues in full force and effect, the appeal is from a judgment of the Supreme Court, Westchester County, entered July 24, 2000, which annulled the determination and declared that the "Home News and Times" is the official weekly newspaper of the City of Yonkers.

Ordered that the judgment is reversed, on the law, with costs, the proceeding is dismissed on the merits, and it is declared that the "Home News and Times" is not the official weekly newspaper of the City of Yonkers.

The City of Yonkers may, in the exercise of its home rule powers, enact provisions in its City Charter which supersede and are inconsistent with the terms of the Second Class Cities Law § 43 concerning the designation of official newspapers (*see,* Local Laws, 1976, No. 3 of City of Yonkers; Second Class Cities Law § 4; *Save the Pine Bush v Common Council,* 225 AD2d 187; *Fullerton v City of Schenectady,* 285 App Div 545, *affd* 309 NY 701). The petitioner acknowledges as much when he argues that the City had a duty to designate two official newspapers, including a weekly newspaper, whereas Second Class Cities Law § 43 permits the designation of only one.

Although the governing charter provision (*see,* Yonkers City Charter, art IV, § C4-10) directs that the designation of official newspapers occur at the biennial organizational meeting of the City Council, there is nothing in the charter which prohibits the reconsideration of the vote taken at that time at the next meeting of the City Council, in accordance with the rules of the City Council (*see,* rule XII of Yonkers City Council Rules; *see also, People ex rel. Francis v Cahill,* 5 App Div 570, *affd* 158 NY 708). Therefore, the January 11, 2000, vote of the City Council, reconsidering the vote taken on January 3, 2000, and designating two newspapers as the official newspapers of the City of Yonkers, was lawful.

There is also no requirement in the governing charter provision that the official newspapers of the city be printed within the city limits. While Second Class Cities Law § 43 contains a provision that is subject to such an interpretation (*see, Loos v City of New York,* 257 App Div 219, 224, citing *Village of Tonawanda v Price,* 171 NY 415), the City of Yonkers eliminated that provision, as well as all of the other provisions of Second Class Cities Law § 43, from its charter (*see,* Local Laws, 1976, No. 3 of City of Yonkers). Krausman, J. P., S. Miller, Luciano and Feuerstein, JJ., concur.